In the

# United States Court of Appeals

### For the Seventh Circuit

No. 11-2772

DAVID FELDMAN,

*Plaintiff,*

*v.*

OLIN CORPORATION, *et al.*,

*Defendants-Appellees.*

APPEAL OF:

NOELLE C. BRENNAN and
SARAH M. BROWN.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:09-cv-00168-GPM-PMF—**G. Patrick Murphy**, *Judge*.

SUBMITTED JANUARY 17, 2012—DECIDED FEBRUARY 23, 2012

Before CUDAHY, POSNER, and MANION, *Circuit Judges*.

POSNER, *Circuit Judge*.   The appellants are lawyers who represented the plaintiff in this employment discrimination case. One of the defendants, Global Brass and Copper, Inc., moved the district court for sanctions,

pursuant both to Fed. R. Civ. P. 11(b) and (c)(1) and to the court's inherent authority to impose sanctions for frivolous litigation. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65 (1980); *Carr v. Tillery*, 591 F.3d 909, 919-20 (7th Cir. 2010). The basis for the motion was that the plaintiff had improperly joined Global—which had never employed the plaintiff—as a defendant. The district judge granted the motion and ordered the plaintiff to pay Global the attorneys' fees that it had incurred in defending the suit. At the same time the judge ordered the entire suit dismissed with prejudice. The plaintiff filed a timely notice of appeal from both the judgment and the attorneys' fee order on December 23, 2010. That appeal is pending.

The day before the plaintiff's notice of appeal was filed, Global informed the district court that its attorneys' fees had been $1,475. Two months later, on February 22, 2011, the judge approved the amount requested by Global and ordered the plaintiff's lawyers—the present appellants—to pay, thus relieving the plaintiff of the obligation imposed by the previous order. The approval of the amount, and the order that the lawyers rather than the plaintiff pay it, were in the form of a "memorandum and order"; there was no separate judgment document.

The lawyers (who alone could appeal from an order directed against them, *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 564 (7th Cir. 2008)) filed a notice of appeal from the February 22 order on August 3, 2011. That was long after the expiration of the 30-day

deadline to appeal a civil case. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). Global asks us to dismiss the appeal as untimely. In response the plaintiff's lawyers argue that because no separate judgment document ordering them to pay Global's attorneys' fees was ever entered, the order of February 22 did not become final for 150 days after the date on which that order was entered in the district court's docket, and the notice of appeal was filed within 30 days after the 150th day.

That is indeed the deadline when Fed. R. Civ. P. 58 requires a "separate document" for a judgment. Fed. R. App. P. 4(a)(7)(A)(ii). But since 2002, Rule 58(a)(3) has provided that no separate document is required "for an order disposing of a motion for attorney's fees under Rule 54" (Fed. R. Civ. P. 54); see also Fed. R. App. P. 4(a)(4)(A)(iii). Rule 54 is captioned "Judgment; Costs," and subsection (d)(2), captioned "Attorney's Fees," sets forth procedures governing motions for awards of attorneys' fees. Subsection (d)(2)(E), captioned "Exceptions," states that subsections (A) through (D) of (d)(2) "do not apply to claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. § 1927." The plaintiff's lawyers argue that since the award of fees against them was based in part on Rule 11—one of "these rules," meaning one of the Federal Rules of Civil Procedure—the award is outside the scope of Rule 54 and hence of Rule 58(a)(3), and therefore required a separate document.

Although the rules could be better drafted, there is no merit to the argument. Subsections (A) through (D) merely

specify procedures for asking for attorneys' fees, and those procedures happen to be inapplicable to a Rule 11 motion, which specifies its own procedures. See Fed. R. Civ. P. 11(c). Rule 54 does not create a right to seek attorneys' fees. The right must come from somewhere else. Once the right comes into being, however, the rule supplies the procedures for enforcing it unless, as when Rule 11 is the basis of the right, the Rule 54 procedures are inapplicable. *MRO Communications, Inc. v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1280-81 (9th Cir. 1999). All that the reference in Rule 58(a)(3) to "an order disposing of a motion for attorney's fees *under* Rule 54" (emphasis added) can sensibly be understood to mean is that Rule 54, the rule on judgments, makes awards of attorneys' fees one type of judgment and Rule 58 designates it as a type of judgment for which a separate judgment document is not required. Rule 58 should not be read to mean that some motions for awards of attorneys' fees are "under" Rule 54 and others are "under" something else and therefore require a separate judgment document to start the 30-day appeal time running. We can't think of any reason why appeals from awards of attorneys' fees, whether awards based on violations of the Federal Rules of Civil Procedure or awards based on the courts' inherent power to sanction litigant or lawyer misconduct (or both, as in this case), should be subject to one deadline and appeals from other attorneys' fee awards subject to another.

We also can't see what difference it makes that the fee order from which the plaintiff's lawyers are appealing was directed against them rather than against their client.

The lawyers argue that this made the order "substantive." We don't know what work that characterization is supposed to do, and anyway Rule 11(c)(1) authorizes the imposition of sanctions on lawyers—and the sanction at issue in this case took the form of an order to pay attorneys' fees, and thus was expressly "under Rule 54."

As we said, though, the rules could be better drafted. The plaintiff's lawyers point out that Fed. R. Civ. P. 23(h)(1) states that "a claim for an award [of attorneys' fees in a class action suit] must be made by motion under Rule 54(d)(2)." Subsection (d)(2) is the attorneys' fee provision of Rule 54, and so Rule 23(h)(1) tries to make clear that a motion for attorneys' fees under Rule 23(h)(1) is also under Rule 54 and therefore exempt from the separate-document rule. Rule 11 contains no similar specification. But to repeat, we cannot think of any reason for drawing such distinctions among the different grounds for asking for attorneys' fees, so far as the deadline for appealing is concerned.

Moreover, while we've assumed so far that the sanctions order was a "judgment" within the meaning of Rule 58, this is far from certain. A post-judgment sanctions order, made while the judgment is already on appeal, does not fit the ordinary understanding of "judgment," and if it is not a judgment there can be no doubt that no separate judgment document was required. But we needn't run this hare to the ground.

The motion to dismiss the lawyers' appeal is granted.