STRAUB, Circuit Judge:
AC Roosevelt Food Corporation and Antonio Collado appeal from an August 13, 2012 order of the United States District Court for the Eastern District of New York (John Gleeson, Judge), as memorialized in a January 7, 2013 judgment, granting Miguel Perez’s motion for attorneys’ fees. Because the entry of judgment did not restart the time to appeal, we DISMISS the appeal as untimely.
The facts of this case as relevant to this appeal are as follows. Perez commenced this action for overtime wages on October 20, 2010. Defendants initially failed to appear and default was entered on January 18, 2011. Perez sought certification as a class on February 22, 2011, which was granted on May 3, 2011, and notice published. Defendants appeared on October 31, 2011, and default was vacated. The class was voluntarily de-certified on February 9, 2012, and a settlement reached by June 1, 2012. On August 13, 2012, the District Court approved the settlement, granted Perez’s motion for attorneys’ fees, and entered an order which stated that “[t]he Clerk of the Court is respectfully directed to close the case.” Defendants failed to pay, and on November 8, 2012, Perez filed to reopen the case and have judgment entered. This motion was granted on November 19, 2012, and judgment entered on January 7, 2013. Defendants’ notice of appeal was filed on February 6, 2013. In their appeal, Defendants challenge only the District Court’s decision on Perez’s motion for attorneys’ fees.
 Perez argues that Defendants' appeal is untimely under Federal Rule of Appellate Procedure 4. The time limit provided for by Rule 4 is “jurisdictional in civil cases.” M.E.S., Inc. v. Snell, 712 F.3d 666, 668 (2d Cir.2013); see Napoli v. Town of New Windsor, 600 F.3d 168, 170 (2d Cir.2010) (“The timely filing of a notice of appeal in a civil case is a jurisdictional requirement.” (internal quotation marks and brackets omitted)). “It is common ground that jurisdiction is a threshold matter that must exist before a court may decide the merits of an appeal.” Liberty Synergistics Inc. v. Microflo Ltd., 718 F.3d 138, 146 (2d Cir.2013).
“[W]e have consistently held that an order awarding attorneys’ fees and costs is not an appealable final order until the amount of fees and costs has been set by the district court.” Honeywell Int’l, Inc. v. Purolator Prods. Co., 468 F.3d 162, 164 (2d Cir.2006); see O & G Indus., Inc. v. Nat’l R.R. Passenger Corp., 537 F.3d 153, 167 (2d Cir.2008) (applying the same rule). In this case, the amount of fees and costs was set by the District Court’s order of August 13, 2012.
Rule 4(a)(1)(A) provides that a notice of appeal “must be filed ... within 30 days after entry of the judgment or order appealed from.” Entry of a judgment or order, “for purposes of this Rule 4(a),” depends upon whether Federal Rule of Civil Procedure 58(a) requires “a separate *177 document.” Fed. R.App. Pro. 4(a)(7). Where a separate document is required, entry occurs “when the judgment or order is entered in the civil docket” and either 150 days have passed or “the judgment or order is set forth on a separate document.” Fed R.App. Pro. 4(a)(7)(h). Where a separate document is not required, the judgment or order is considered to have been entered “when the judgment or order is entered in the civil docket.” Fed. R.App. Pro. 4(a)(7)(i).
A "separate document" is not required “for an order disposing of a motion ... for attorney’s fees under Rule 54.” Fed.R.Civ.P. 58(a)(3); see Feldman v. Olin Corp., 673 F.3d 515, 516-17 (7th Cir.2012) (“Rule 58(a)(3) has provided that no separate document is required for an order disposing of a motion for attorney’s fees under Rule 54,” and “[a]ll that the reference” to Rule 54 “can sensibly be understood to mean is that Rule 54, the rule on judgments, makes awards of attorneys’ fees one type of judgment and Rule 58 designates it as a type of judgment for which a separate judgment document is not required.” (internal quotation marks omitted)).[1] It follows that the order setting the amount of attorneys’ fees was entered for the purposes of Rule 4 when it was “entered in the civil docket,” ie., on August 13, 2012. The thirty days provided for by Rule 4(a)(1)(A), therefore, had long since run when Defendants filed their notice of appeal on February 6, 2013.
Defendants argue that the thirty-day period should be measured from the January 7, 2013 judgment rather than the August 13, 2012 order. However, a new or amended judgment may only renew the thirty-day limit if the later judgment “changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered.” Priestley v. Headminder, Inc., 647 F.3d 497, 502 (2d Cir.2011) (per curiam) (internal quotation marks omitted); see FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211-12, 73 S.Ct. 245, 97 L.Ed. 245 (1952) (“Only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew.” (internal footnotes omitted)).
Indeed, even where a judgment has been vacated and a second entered, it is the substance of the new judgment rather than the procedure that is determinative of whether the appeal clock begins anew. See Cody, Inc. v. Town of Woodbury, 179 F.3d 52, 54-55 (2d Cir.1999) (per curiam) (holding that where “the two judgments are identical with respect to all questions of substantive rights” appeal could not lie from the second judgment even where the district court “vacated its original judgment”).
There can be no argument in this case that the January 7, 2013 judgment and the August 13, 2012 order are not identical in every way. No issue of substance&emdash;in-deed, no issue of triviality&emdash;differs between the two orders. It follows that the entry of judgment did not reset Defendants’ time to appeal, that the appeal was untimely, and that we lack jurisdiction. The appeal, therefore, is DISMISSED.
Judge JACOBS dissents in a separate opinion.

. This rule serves to distinguish Bogaerts v. Shapiro (In re Litas International, Inc.), 316 F.3d 113 (2d Cir.2003), which, as the dissent concedes, concerned satisfaction of Rule 58 under circumstances that did not implicate an exception to that rule. Nor do we believe that this is a case in which confusion was likely, as the District Court's August 13 order closed the case.