13-497-cv

*Perez v. AC Roosevelt Food Corp.*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2013

(Submitted: Oct. 17, 2013; Decided: Nov. 6, 2013;
Amended:  December 10, 2013)

Docket No. 13-497

_____

MIGUEL G. PEREZ, individually and on behalf of other persons
similarly situated who were employed by AC Roosevelt Food Corp.,
d/b/a/ Champion Food Supermarket or any other entities affiliated
with or controlled by AC Roosevelt Food Corp. and Antonio
Collado,

*Plaintiff-Appellee*,

− v. −

AC ROOSEVELT FOOD CORPORATION, or any other entities affiliated
with or controlled by AC Roosevelt Food Corp. doing business as
Champion Food Supermarket, and ANTONIO COLLADO,

*Defendants-Appellants*.

_____

Before:  WINTER, JACOBS, STRAUB, *Circuit Judges*.

_____

Appeal from an order of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*), granting a motion for attorneys' fees. We hold that the appeal is not timely.

Accordingly, the appeal is **DISMISSED**.

Judge JACOBS dissents in a separate opinion.

_____

ANDREW SQUIRE, Brooklyn, NY, *for Appellants*.

LADONNA M. LUSHER, Virginia & Ambinder, LLP, New York, NY, for *Appellee*.

_____

STRAUB, *Circuit Judge*:

AC Roosevelt Food Corporation and Antonio Collado appeal from an August 13, 2012 order of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*), as memorialized in a January 7, 2013 judgment, granting Miguel Perez's motion for attorneys' fees. We hold that (1) a final order solely on the issue of attorneys' fees is appealable without entry of a separate document; and (2) a subsequent, identical judgment does not re-start the time to appeal. Because the entry of judgment did not restart the time to appeal, we **DISMISS** the appeal as untimely.

The facts of this case as relevant to this appeal are as follows. Perez commenced this action for overtime wages on October 20, 2010. Defendants initially failed to appear and default was entered on January 18, 2011. Perez sought certification as a class on February 22, 2011, which was granted on May 3, 2011, and notice published. Defendants appeared on October 31, 2011, and default was vacated. The class was voluntarily de-certified on February 9, 2012, and a settlement reached by June 1, 2012. On August 13, 2012, the District Court approved the settlement and resolved the only outstanding issue by granting Perez's motion for attorneys' fees in an order that stated, "[t]he Clerk of the Court is respectfully directed to close the case." The August 13 order, therefore, was the final order of the District Court, resolving all pending issues and ending the case. Defendants, however, failed to pay, and on November 8, 2012, Perez filed to reopen the case and have judgment entered. This motion was granted on November 19, 2012, and judgment entered on January 7, 2013. Defendants' notice of appeal was filed on February 6, 2013. In their appeal, Defendants challenge only the District Court's decision on Perez's motion for attorneys' fees.

Perez argues that Defendants' appeal is untimely under Federal Rule of Appellate Procedure 4. The time limit provided for by Rule 4 is "jurisdictional in

3

civil cases." *M.E.S., Inc. v. Snell*, 712 F.3d 666, 668 (2d Cir. 2013); *see Napoli v. Town of New Windsor*, 600 F.3d 168, 170 (2d Cir. 2010) ("The timely filing of a notice of appeal in a civil case is a jurisdictional requirement." (internal quotation marks and brackets omitted)). "It is common ground that jurisdiction is a threshold matter that must exist before a court may decide the merits of an appeal." *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 146 (2d Cir. 2013).

"[W]e have consistently held that an order awarding attorneys' fees and costs is not an appealable final order until the amount of fees and costs has been set by the district court." *Honeywell Int'l, Inc. v. Purolator Prods. Co.*, 468 F.3d 162, 164 (2d Cir. 2006); *see O & G Indus., Inc. v. Nat'l R.R. Passenger Corp.*, 537 F.3d 153, 167 (2d Cir. 2008) (applying the same rule). In this case, the amount of fees and costs was set by the District Court's order of August 13, 2012.

Rule 4(a)(1)(A) provides that a notice of appeal "must be filed . . . within 30 days after entry of the judgment or order appealed from." Entry of a judgment or order, "for purposes of this Rule 4(a)," depends upon whether Federal Rule of Civil Procedure 58(a) requires "a separate document." Fed. R. App. P. 4(a)(7). Where a separate document is required, entry occurs "when the judgment or order is entered in the civil docket" and either 150 days have passed or "the

4

judgment or order is set forth on a separate document." Fed R. App. P. 4(a)(7)(ii). Where a separate document is not required, the judgment or order is considered to have been entered "when the judgment or order is entered in the civil docket." Fed. R. App. P. 4(a)(7)(i).

A "separate document" is not required "for an order disposing of a motion . . . for attorney's fees under Rule 54." Fed. R. Civ. P. 58(a)(3); *see Feldman v. Olin Corp.*, 673 F.3d 515, 516-17 (7th Cir. 2012) ("Rule 58(a)(3) has provided that no separate document is required for an order disposing of a motion for attorney's fees under Rule 54," and "[a]ll that the reference" to Rule 54 "can sensibly be understood to mean is that Rule 54, the rule on judgments, makes awards of attorneys' fees one type of judgment and Rule 58 designates it as a type of judgment for which a separate judgment document is not required." (internal quotation marks omitted)).[1] It follows that the order setting the amount of attorneys' fees was entered for the purposes of Rule 4 when it was "entered in the civil docket," *i.e.*, on August 13, 2012. The thirty days provided for by Rule

---

[1] This rule serves to distinguish *Bogaerts v. Shapiro* (*In re Litas International, Inc.*), 316 F.3d 113 (2d Cir. 2003), which, as the dissent concedes, concerned satisfaction of Rule 58 under circumstances that did not implicate an exception to that rule. Nor do we believe that this is a case in which confusion was likely, as the District Court's August 13 order closed the case.

4(a)(1)(A), therefore, had long since run when Defendants filed their notice of appeal on February 6, 2013.

Defendants argue that the thirty-day period should be measured from the January 7, 2013 judgment rather than the August 13, 2012 order. However, a new or amended judgment may only renew the thirty-day limit if the later judgment "changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 502 (2d Cir. 2011) (per curiam) (internal quotation marks omitted); *see FTC v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-12 (1952) ("Only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew." (internal footnotes omitted)).[2]

Indeed, even where a judgment has been vacated and a second entered, it is the substance of the new judgment rather than the procedure that is

[2] The fact that the August 13 order was an "order" and not a "judgment" does not alter the application of this rule because a judgment is defined as "any order from which an appeal lies." Fed. R. Civ. P. 54(a). Put simply, the August 13 order was the final judgment of the District Court and the time to appeal from a final judgment does not restart because a defendant refuses to pay the judgment and forces the plaintiff to seek additional judicial intervention.

determinative of whether the appeal clock begins anew. *See Cody, Inc. v. Town of Woodbury*, 179 F.3d 52, 54-55 (2d Cir. 1999) (per curiam) (holding that where "the two judgments are identical with respect to all questions of substantive rights" appeal could not lie from the second judgment even where the district court "vacated its original judgment").

There can be no argument in this case that the January 7, 2013 judgment and the August 13, 2012 order are not identical in every way. No issue of substance—indeed, no issue of triviality—differs between the two orders. It follows that the entry of judgment did not reset Defendants' time to appeal, that the appeal was untimely, and that we lack jurisdiction. The appeal, therefore, is **DISMISSED**.

JACOBS, *Circuit Judge*, dissenting:

This appeal challenges the reasonableness of an attorney's fee award, and presents an issue as to timeliness: the appeal is timely if calculated from the entry of final judgment but untimely if calculated from the earlier order to pay the fees. Because I believe AC Roosevelt had until 30 days after entry of final judgment to file notice of appeal, I respectfully dissent from the majority's dismissal and would affirm the district court's judgment on the merits.

**I**

The August 13, 2012 order, which approved the settlement agreement, granted Perez's motion for attorney's fees, and directed the clerk to close the case, did not meet the "separate document" requirement of Federal Rule of Civil Procedure 58 and was not labeled a "judgment." *See* Fed. R. Civ. P. 58(a). The question is whether a "'self-executing' order can, without the subsequent entry of a Rule 58 final judgment, and by the passage of time alone, deprive a would-be appellant of its opportunity to seek review. As the Supreme Court made clear, . . . it cannot." *In re Litas*

*Int'l, Inc.*, 316 F.3d 113, 118 (2d Cir. 2003). The Rule 58 requirement has not been waived. See *Cooper v. Town of East Hampton*, 83 F.3d 31, 33-34 (2d Cir. 1996).

The separate-document formality sought to relieve the kind of uncertainty (raised in this case) "where the opinion or memorandum has not contained all the elements of a judgment, or where the judge has later signed a formal judgment," and "it has become a matter of doubt whether the purported entry of a judgment was effective, starting the time running for post-verdict motions and for the purpose of appeal." *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384-85 (1978) (citation omitted). "The reason for adhering to the formalism of the separate document requirement is to avoid confusion as to when the clock starts for the purpose of an appeal." *Cooper*, 83 F.3d at 33.

As the majority explains, a grant of attorney's fees is an exception to the separate-document requirement. See Fed. R. Civ. P. 58(a)(3). But the availability of appeal from a collateral order does not render an appeal untimely if appeal awaits entry of final judgment. "[S]everal courts of appeals," including this one, "have held explicitly . . . that failure to take an available collateral order appeal

2

does not forfeit the right to review the order on appeal from a [procedurally proper] final judgment" on the merits. 15A Wright & Miller, Fed. Prac. & Proc. Juris. § 3911 (2d ed.) (citing In re "Agent Orange" Prod. Liab. Litig. MDL No. 381, 818 F.2d 179, 181 (2d Cir. 1987) ("Even if the [collateral] order was appealable under Cohen, there is still no reason to bar an appeal from the [later] order, which was clearly intended by the district court to be final.")).

My view is confirmed by the grouping of the orders specified in Rule 58(a).  An award of attorney's fees is often made after entry of judgment on the merits, and in that respect is like other exceptions to the separate-document rule, which are invariably made afterward.  In a case such as this, in which the attorney's fee award precedes entry of the final judgment, an immediate appeal of the attorney's fee would raise an issue as to prematurity: how can the fee award be reviewed before the outcome on the merits has been ascertained?

Accordingly, AC Roosevelt had until 30 days after the January 7, 2013 entry of final judgment to file notice of appeal.  AC Roosevelt filed timely notice on February 6, 2013.

3

**II**

Because I consider AC Roosevelt's appeal timely, I would reach the merits and affirm the district court's award of attorney's fees.

The Fair Labor Standards Act ("FLSA") "directs courts to award prevailing plaintiffs reasonable attorney's fees and costs." Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008); see 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to . . . plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). New York Labor Law is the same. N.Y. Labor Law § 663(4) (McKinney 2011) ("In any civil action by an employee . . ., the employee . . . shall have the right to collect attorneys' fees and costs incurred in enforcing any court judgment.").

A party prevails in a FLSA suit "if [it] succeed[s] on any significant issue in litigation which achieves some of the benefit . . . sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (citation omitted). "A plaintiff involved in litigation ultimately resolved by settlement may still be entitled to an award of attorneys'

4

fees" as a prevailing party. <u>Lyte v. Sara Lee Corp.</u>, 950 F.2d 101, 103-04 (2d Cir. 1991).

The settlement agreement required payments totaling $8,000 to Perez and another former employee, and explicitly contemplated the pending motion for attorney's fees and costs. Perez was therefore a prevailing party under the statutory framework. <u>See</u> <u>Lyte</u>, 950 F.2d at 104.

"We review attorneys' fee awards for abuse of discretion. A district court abuses its discretion if it (1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." <u>Millea v. Metro-N. R.R. Co.</u>, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks and citations omitted). "Abuse of discretion--already one of the most deferential standards of review--takes on special significance when reviewing fee decisions because the district court, which is intimately familiar with the nuances of the case, is in a far better position to make such decisions than is an appellate court,

which must work from a cold record." McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 416 (2d Cir. 2010) (internal quotation marks, alterations, and citation omitted).

"Both this Court and the Supreme Court have held that the lodestar--the product of a reasonable hourly rate and the reasonable number of hours required by the case--creates a presumptively reasonable fee." Millea, 658 F.3d at 166-67 (internal quotation marks omitted). AC Roosevelt argues that the "percentage of the fund" method is more appropriate; but here there is no common fund because the class was decertified prior to settlement negotiations.

The district court reviewed the parties' submissions and contemporaneous lawyer time records; acknowledged the work involved in litigating what was originally a class action, notifying class members, and engaging with a defendant who did not appear in the case for almost a year; and concluded that the request for attorney's fees was "reasonable in all respects." This was no abuse of discretion.

Accordingly, I would affirm.