13-1688-cv (L)
United States ex rel. Maurice Keshner v. Nursing Personnel Home Care

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2013

Submitted: November 5, 2013          Decided: April 2, 2014

Docket Nos. 13-1688-cv (Lead), 14-251-cv (Con)

- - - - - - - - - - - - - - - - - - - - - - - - - -
MAURICE KESHNER, Individually,
    Plaintiff-Appellee,

UNITED STATES OF AMERICA,
    Intervenor-Plaintiff-Appellee,

          v.

NURSING PERSONNEL HOME CARE, WALTER GREENFIELD,
    Defendants-Appellants,

IMMEDIATE HOME CARE, INC., ISAAC SCHWARTZ,
MARY SMALLS, SMALLS TRAINING & COUNSELING SCHOOL,
RENAISSANCE HOME CARE, NACHEM SINGER, ERVIN
RUBENSTEIN,
    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - -


Before: NEWMAN, HALL, and LIVINGSTON, <u>Circuit Judges</u>.

Motions to dismiss as untimely two appeals of an award of attorney's fees entered by the United States District Court for the Eastern District of New York (Frederic L. Block, District Judge).

-1-

In No. 13-1688, motion to dismiss denied as moot and appeal dismissed as moot in view of pending timely appeal from a partial judgment entered on the same attorney's fee award; in No. 14-251, motion to dismiss denied.

Avrom R. Vann, Avrom R. Vann, P.C., New York, NY, for Appellants.

Brian P. McCafferty, Kenney & McCafferty, P.C., Blue Bell, PA (Irwin G. Klein, Hein, Waters & Klein, Garden City, NY), for Appellee Maurice Keshner.

Erin Elizabeth Argo, Assistant U.S. Attorney, Brooklyn, NY, for Appellee United States of America.

JON O. NEWMAN, <u>Circuit Judge</u>.

The pending motions to dismiss two appeals from an award of attorney's fees requires us to return to the issue considered last year in *Perez v. AC Roosevelt Food Corp.*, 734 F.3d 175 (2d Cir. 2013), *amended*, No. 13-497, 2013 WL 6439381 (2d Cir. Dec. 10, 2013): under what circumstances does the time to appeal such awards run from the date of entry of the award?  Maurice Keshner moves to dismiss two appeals of Nursing Personnel Home Care ("Nursing Personnel") from an interlocutory order entered

-2-

November 15, 2010, by the District Court for the Eastern District of New York (Frederic L. Block, District Judge), awarding Keshner attorney's fees.  We conclude that the fee award, entered before entry of a final judgment or a partial judgment entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, did not have to be appealed until entry of an appealable judgment, and that the pending collateral order appeal in No. 13-1688, taken in the absence of an appealable judgment, has become moot upon the entry of a Rule 54(b) partial judgment, and that the timely appeal in No. 14-251 from the Rule 54(b) partial judgment is timely.  We therefore deny as moot the motion to dismiss the collateral order appeal in No. 13-1688, dismiss that appeal as moot, deny the motion to dismiss the appeal in No. 14-251 from the Rule 54(b) partial judgment and direct briefing of that appeal in the normal course.

## Background

The origin of this controversy is a *qui tam* action brought by Keshner in 2006 on behalf of the United States against various providers of home health-care services and their officers, including Nursing Personnel and its president.  That action was brought pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*  Keshner and the United States settled the claim

against Nursing Personnel and its president. The action remains pending against other defendants.

The complicated procedural steps concerning the pending appeal began in May 2010 when Keshner filed a motion for attorney's fees and costs pursuant to 31 U.S.C. § 3730(d)(1). That provision entitles a *qui tam* plaintiff who obtains a settlement with a defendant in an FCA action to an award of attorney's fees and costs against the defendant. On November 15, 2010, the District Court granted Keshner's motion and ordered Nursing Personnel to pay Keshner approximately $186,000. Nursing Personnel then wrote the District Court requesting entry of a judgment based on the fee award. Nursing Personnel stated that it was awaiting a judgment from which an appeal could be taken. On May 17, 2011, the District Court denied Nursing Personnel's request, citing Fed. R. Civ. P. 58(a)(3), which generally requires that a judgment be set out in a separate document, but exempts from this requirement an order disposing of a motion . . . for attorneys' fees under Rule 54." On June 14, 2011, Nursing Personnel filed a notice of appeal from both the November 15, 2010, fee award and the May 17, 2011, denial of the request for entry of a judgment. That appeal was No. 11-2433 in this Court. Nursing Personnel contended that the May 17, 2011, denial

of its request for a judgment had amended the November 15, 2010, order for a fee award.

In July 2011, Keshner moved to dismiss Nursing Personnel's appeal in No. 11-2433 on the ground that the notice of appeal of the fee award was untimely because it was filed more than 60 days after entry of the award and that the May 17, 2011, denial did not amend the order for a fee award. Nursing Personnel opposed the motion and filed a petition for a writ of mandamus to compel the District Court to enter a separate judgment on the attorney's fee award. Nursing Personnel contended that it properly awaited entry of a judgment on the fee award before appealing the award because Keshner's motion for fees was filed pursuant to 31 U.S.C. § 3730(d)(1) and not Rule 54, thereby requiring entry of a separate judgment under Rule 58(a). Nursing Personnel also contended that the District Court had construed its request for a separate judgment as a motion to amend the order for the fee award, which, Nursing Personnel argued, reset the time for filing a notice of appeal until after the District Court decided the request for a separate judgment.

In May 2012, this Court dismissed the appeal in No. 11-2433 by granting Keshner's motion to dismiss the appeal from the fee award order and *nostra sponte* dismissing, for lack of an

appealable order, Nursing Personnel's attempt to appeal the May 2011 order denying its request for entry of a separate judgment. We explained our ruling as follows:

> In dismissing [Nursing Personnel's] untimely appeal from the district court's order awarding attorneys' fees, we express no opinion as to whether that order is immediately appealable under the collateral order doctrine; we note only that the notice of appeal was filed well beyond any time within which a notice of appeal from that order would have to have been filed.

We also denied Nursing Personnel's petition for a writ of mandamus for lack of a clear and indisputable right to issuance of the writ.

Keshner then moved in the District Court for enforcement of the fee award order. On March 15, 2013, the District Court entered an order that granted Keshner's motion, ruled that the fee award was enforceable without a separate judgment, directed Nursing Personnel either to pay Keshner $187,024.13 or show cause why a writ of execution should not be issued and why Nursing Personnel should not be required to pay Keshner attorney's fees for bringing the enforcement motion.

On May 1, 2013, Nursing Personnel filed a notice of appeal from the March 15, 2013, order and the previous orders that had made the fee award (November 15, 2010, order) and had denied the request for a separate judgment (May 17, 2011, order). That

appeal is No. 13-1688 in this Court.  In April 2013, despite the filing of Nursing Personnel's notice of appeal, Keshner moved in the District Court for a writ of execution, which the District Court issued in July 2013.[1]  In August 2013, the District Court directed the United States to determine by September 12, 2013, whether it will intervene against the remaining individual defendants in the *qui tam* action.  The Government subsequently declined to intervene in the claims against remaining defendants Nachem Singer and Ervin Rubenstein.

In July 2013, Keshner filed the pending motion to dismiss the appeal in No. 13-1688 and a motion for sanctions under Rule 38 of the Federal Rules of Appellate Procedure.  Upon our initial consideration of Keshner's motion, we deferred a decision and directed the District Court either to enter a partial judgment under Rule 54(b) or place on the record an explanation why a partial judgment should not be entered.  In response to that directive, the District Court entered a partial judgment under Rule 54(b) on January 7, 2014.  The District Court explained that it has previously declined to enter a separate judgment on the assumption that the settlement had disposed of the case, but now

---

[1] We express no view as to whether the filing of Keshner's notice of appeal deprived the District Court of jurisdiction to issue a writ of execution.

realized that the case remained pending against some defendants. Nursing Personnel filed a timely notice of appeal from that partial judgment on January 24, 2014. That appeal has been docketed in this Court as No. 14-251 and consolidated with No. 13-1688. After argument on the motion to dismiss in No. 13-1688, Keshner filed a motion to dismiss the appeal in No. 14-251, to which Nursing Personnel has responded.

Thus, the current state of affairs with respect to Nursing Personnel's various attempts to appeal the fee award is as follows. The appeal in No. 11-1433 has been dismissed as untimely, and the appeals in No. 13-1688 and No. 14-251 remain pending and are the subject of the pending motions.

## Discussion

Keshner initially contends that Nursing Personnel has lost its opportunity to appeal the fee award because our Court dismissed as untimely its initial appeal in No. 11-1433. We disagree. In dismissing that appeal we explained that we were doing so only because the notice of appeal was filed beyond the allowable time for taking an appeal from the fee award order. But we explicitly declined to determine whether the fee award was immediately appealable as a collateral order. If it was not immediately appealable, an untimely notice of appeal would have

been a nullity. If it was immediately appealable, an untimely notice of appeal would bar further attempts to appeal the fee award only if Nursing Personnel was required to appeal the fee award when entered. To that issue we now turn.

Our consideration must begin with our Court's recent decision in *Perez*. A divided panel there ruled that, in the circumstances of that case, the time to appeal a fee award began upon entry of the award order on the docket of the District Court and not from the later entry of a judgment. However, in *Perez* the District Court's order making the fee award also approved the parties' settlement and directed the Clerk of the Court to close the case. *See Perez*, 2013 WL 6438381, at *1. In fact, a judgment (which was "identical in every way" to the order approving the settlement and awarding the attorney's fees) was not entered on the District Court docket in *Perez* until the defendant failed to comply with the terms of the settlement and the plaintiff, therefore, moved to reopen the case and have judgment entered, *see id.* at *1, *3, ostensibly to permit execution. Thus, unlike our case, at the time the fee award was entered in *Perez*, that award was not a collateral order entered in a case that was still pending. Given the fact of the settlement, the fee award was part of the last order that needed to be entered, and it would

-9-

have remained as such had the defendant not later defaulted on the settlement, thereby precipitating additional proceedings and ultimately the entry of the judgment against it. Here, by contrast, because the fee award against Nursing Personnel was a collateral order in a case that remained pending because of open claims against other defendants, the entry of the fee award did not trigger Nursing Personnel's obligation to file a notice of appeal. "[F]ailure to take an available collateral order appeal does not forfeit the right to review the order on appeal from a final judgment." 15A Wright & Miller, *Federal Practice & Procedure* § 3911, at 359 (2d ed. 1991); *see In re "Agent Orange" Products Liability Litigation MDL No. 381*, 818 F.2d 179, 181 (2d Cir. 1987) ("We do not believe that appellants were faced with the choice of appealing from the [interlocutory] order or not at all. . . . Even if the [interlocutory] order was appealable under *Cohen [v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949)], there is still no reason to bar an appeal from the [later] order, which was clearly intended by the district court to be final."). Indeed, we would not expect an appellate court to require an interlocutory appeal of a pre-judgment or pre-final order fee award because review of a fee award would normally be intertwined with the merits of an appeal from a final judgment or final

order.  Of course, once the District Court in the pending case entered a partial judgment under Rule 54(b), the time to appeal that judgment began upon its entry.  The notice of appeal from the Rule 54(b) partial judgment was timely.

In light of the entry of the Rule 54(b) partial judgment and the pendency of a timely appeal from that judgment in No. 14-251, we conclude that the appeal in No. 13-1688 has become moot and that we should therefore dismiss that appeal and also deny as moot the pending motion to dismiss the appeal of the fee award in No. 13-1688.  Arguably we could consider the notice of appeal in No. 13-1688 to have ripened into a timely appeal from the Rule 54(b) partial judgment on an analogy to FRAP 4(a)(2), but there is no need to consider that possibility in light of the entirely valid appeal of the fee award in No. 14-251.  To the extent that Nursing Personnel's appeal in No. 13-1688 sought to appeal the District Court's refusal to enter a Rule 54(b) partial judgment, that aspect of the appeal has also become moot.

## Conclusion

The motion to dismiss the appeal in No. 13-1688 is denied as moot, and that appeal is dismissed as moot.  The motion for sanctions is denied.  The motion to dismiss the appeal in No. 14-251 is denied, and that appeal will proceed to briefing in the

normal course.  A motion to consolidate the appeals in Nos. 13-1688 and 14-251, which this Court already consolidated *nostra sponte*, is denied as moot.