13-4555-cv
Cole-Hoover v. N.Y.S Dep't of Corr.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         RICHARD C. WESLEY,
                      <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

GWENDOLYN COLE-HOOVER, M.D.,
         <u>Plaintiff</u>,

         -v.-                                    13-4555

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
ALBION CORRECTIONAL FACILITY, SUE
WOJCINSKI, SANDRA DURFEE, ANGIE MAUME,
DONNA BAKER,
         <u>Defendants-Appellants</u>.[*]

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:          JONATHAN D. HITSOUS, Assistant
                         Solicitor General (<u>with</u> Barbara

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

D. Underwood, Solicitor General, and Andrea Oser, Deputy Solicitor General, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (McCarthy, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

The New York State Department of Corrections and Community Supervision, the Albion Correctional Facility, and the four individual defendants (collectively, "DOCCS") appeal from the judgment of the United States District Court for the Western District of New York (McCarthy, M.J.). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Judgement was entered in Cole-Hoover's favor after the parties reached a settlement, the material terms of which were placed on the record by the parties on November 5, 2012. Counsel for the DOCCS represented to the district court that he "offered and the plaintiff . . . accepted $750,000 total, inclusive of damages, costs and fees to settle this case" and pending, related litigation. A. 164-65. Counsel for DOCCS further explained that a written stipulation would follow because it needed to collect and review documentation pertaining to Medicare or Medicaid, which "[did not] have anything to do with the merits of the case." Id. at 170. The court confirmed that the DOCCS had articulated on the record the "material terms of the settlement and . . . although documentation need[ed] to be executed to confirm the settlement, the settlement of these four actions w[ould] be effective as of [that day], notwithstanding any additional documentation which need[ed] to be executed." Id. at 166.

Unfortunately, the parties' agreement to conclude this dispute--which spans more than a decade--did not last long; disagreements arose during the negotiation of a written stipulation. The district court denied cross-motions to enforce stipulations, both of which differed from the terms

2

announced in open court.  Subsequently, the district court entered judgment for Cole-Hoover.  A. 140.  The DOCCS appeals.

The parties expressed a clear intent to settle and placed the material terms of their settlement on the record, and "neither party made any express reservation to be bound only by a writing."  Powell v. Omnicom, 497 F.3d 124, 129-30 (2d Cir. 2007).  As the magistrate judge observed, "[a]lthough defendants could have conditioned the settlement on plaintiff's providing a physician's letter or agreeing to a [Medicare set-aside], they did not do so."  A. 131.  And, "[i]f defendants considered plaintiff's Medicare status to be critical in deciding whether to settle, they should have ascertained that status before agreeing that the settlement was effective as of November 5, 2012."  Id. at 132.

For the foregoing reasons, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK