Cole-Hoover v. Dept. of Corrections

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2015

Submitted: August 25, 2015          Decided: October 14, 2015
                                    Amended: October 15, 2015

Docket No. 15-1986

- - - - - - - - - - - - - - - - - - - - - - - - - - - -
GWENDOLYN COLE-HOOVER, M.D.,
    Plaintiff-Appellant,

            v.

ANNA MARIE RICHMOND, BRIAN P. FITZGERALD,
    Non-Party Appellees,[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, WALKER, and JACOBS, Circuit Judges.

Motion to dismiss as untimely an appeal from an order of the United States District Court for the Western District of New York (Jeremiah J. McCarthy, Magistrate Judge), awarding liens for attorney's fees. Court of Appeals rules that notice of appeal is timely from subsequent order directing payment of attorney's fees.

Motion to dismiss and motion for sanctions DENIED.

---

[1] The caption reflects only the parties to the pending motion.

1

Brian P. Fitzgerald, Brian P. Fitzgerald, P.C., Buffalo, NY, for Non-Party Appellees Anna Marie Richmond and Brian P. Fitzgerald.

Anthony A. Boyadjis, Morristown, N.J. for Appellant Gwendolyn Cole-Hoover.

JON O. NEWMAN, <u>Circuit Judge</u>.

The issue on this motion to dismiss as untimely an appeal of an order concerning attorney's fees is when the time for filing a notice of appeal begins to run. The issue arises out of an employment discrimination suit filed by Plaintiff-Appellant Dr. Gwendolyn Cole-Hoover against the New York Department of Correctional Services and others. Between 2005 and 2008, while the litigation was pending, Cole-Hoover was represented by Non-Party Appellees Brian Fitzgerald and Anna Marie Richmond, whose motion is before us. They withdrew their representation and were replaced by Prathima Reddy.

The case was ultimately settled. Before the parties announced their intention to settle, the Appellees sought an order directing Cole-Hoover to pay their unpaid attorney's

2

fees out of the proceeds of the settlement. The parties stipulated that $360,915.05 of the settlement proceeds would be held in escrow by Reddy pending resolution of attorney's fees disputes. The District Court (Jeremiah J. McCarthy, Magistrate Judge) later ordered the court clerk to hold the escrowed funds. In November 2013, after litigation concerning the terms of the settlement, the District Court entered a final judgment in favor of the Plaintiff in the amount of $750,000, which this Court affirmed. *See Cole-Hoover v. N. Y. State Dep't of Corrections and Community Supervision*, 594 F. App'x 23 (2d Cir. 2015).

On February 12, 2014, the District Court issued a "Decision and Order on Motions for Attorneys' Fees" that the Appellees now contend started the clock for filing a notice of appeal.[2] The Court stated that Fitzgerald's fee request "will be reduced by 10% to $46,350, plus disbursements of $245.30, for a total of $46,595.30." After making a similar reduction in Richmond's request, the Court stated that "the figure to which Ms. Richmond is entitled: $54,940.25. The

---

[2] The District Court's jurisdiction to enter the fee order while the appeal from the underlying litigation was pending is not questioned. *See Chesley v. Union Carbide Corp.*, 927 F.2d 60, 65 (2d Cir. 1991) (ancillary jurisdiction to resolve fee disputes).

Court concluded its ruling by stating that the motion by Fitzgerald and Richmond

> "is granted to the extent of awarding Mr. Fitzgerald *a lien* in the amount of $46,595.30, and Ms. Richmond *a lien* in the amount of $54,940.25, upon any sums payable to plaintiff in this action, but is otherwise denied . . . ."

*Cole-Hoover v. N. Y. Dep't of Correctional Services*, No. 02-CV-00826 M, 2014 WL 576176, at *7 (W.D.N.Y. Feb. 12, 2014) (emphases added).

In March 2015 Reddy renewed a motion for her attorney's fees, which she had filed in May 2014. On May 21, 2015, the District Court filed a "Decision and Order" determining that Reddy was entitled to $155,790 and ordering payment to her of that sum. The conclusion of that Order included the following:

> "[T]he judgment entered in favor of plaintiff on November 13, 2013 shall be paid (either directly or from escrow) as follows:
> - in accordance with my February 12, 2014 Decision and Order, the sum of $46,595.30 *shall be paid* to attorney Brian Fitzgerald and the sum of $54,940.25 *shall be paid* to attorney Anna Marie Richmond . . . ."

*Cole-Hoover v. N. Y. DOCCS*, No. 02-CV-00826-JJM, 2015 WL 2451738, at *4 (May 21, 2015) (emphases added) (docket numbers deleted). The Order also directed payment of Reddy's fee.

4

On June 22, 2015, Cole-Hoover filed a notice of appeal from the orders entered on February 12, 2014, and May 21, 2015. On July 14, 2015, Fitzgerald and Richmond filed the pending motion, requesting dismissal of Cole-Hoover's appeal from the February 12, 2014, order.[3] Their motion also seeks sanctions for filing that appeal.

The Appellees contend that Cole-Hoover was required to file her notice of appeal within 30 days after the District Court's February 14, 2014, order. They rely on *Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39 (2d Cir. 2013). *Perez* held that, in the circumstances of that case, a notice of appeal was untimely because it had been entered more than 30 days after the District Court had granted a motion for attorney's fees and directed the clerk to close the case. *See id.* at 41-42. We explained that the 30 days for a notice of appeal in a civil case runs from the "entry" of the order appealed from, *see* Fed. R. App. P. 4(a)(1)(A); that "entry" "depends upon whether Federal Rule of Civil Procedure 58(a) requires 'a separate document,'" *Perez*, 744 F.3d at 41 (quoting Fed. R. App. P. 4(a)(7)); that "[a]

---

[3] Although the motion does not explicitly seek dismissal of the appeal from the May 21, 2015 order, we will interpret the motion as seeking dismissal of both appeals.

'separate document' is not required 'for an order *disposing* of a motion . . . for attorney's fees under Rule 54 [of the Federal Rules of Civil Procedure]," *id.* (quoting Fed. R. Civ. P. 58(a)(3)) (emphasis added); and that, because a separate document is not required, the fee order "is considered to have been entered 'when the . . . order is entered in the civil docket,'" *id.* (quoting Fed. R. App. P. 4(a)(7)(i)). *Perez* cited *Feldman v. Olin Corp.*, 673 F.3d 515 (7th Cir. 2012), which further explained that Rule 54 "makes *awards* of attorneys' fees one type of judgment and Rule 58 designates it as a type of judgment for which a separate document is not required." *Id.* at 517 (emphasis added).

The Appellees make a substantial argument that the District Court's February 12, 2014, order started the time for Cole-Hoover's appeal. That order determined the amount of fees to which each attorney was entitled and granted them a lien on the settlement proceeds. It is at least arguable that it is an order "disposing" of a motion for attorney's fees within the meaning of Rule 58(a)(3). Had the escrow agent declined to disburse the fees, the lien could have been enforced without a further ruling from the District Court as to the amount of fees due. Indeed, it was only the

6

happenstance of Reddy's renewed motion for a fee that occasioned the Court's order of May 21, 2015, ordering that the fees "shall be paid" to Fitzgerald and Richmond.

On the other hand, an order creating a lien is not a typical order awarding attorney's fees, and the May 21, 2015, order was the District Court's only order explicitly directing that the fees specified in the February 12, 2014, order "shall be paid."

We have found no previous decision presenting similar facts, but two decisions are somewhat analogous. In *Kline v. Dep't of Health & Human Services*, 927 F.2d 522 (10th Cir. 1991), a defendant sought dismissal of an appeal from a judgment dismissing an action, contending that an appeal should have been taken from an earlier order granting a motion to dismiss. The Tenth Circuit ruled that the earlier order met the requirements of Rule 58 and "would have been sufficient to provide jurisdiction had an appeal been taken." *Id.* at 524. Nevertheless, the Court accepted jurisdiction over an appeal from the later order "which clearly meets the requirements of Rule 58." *Id.* The Fifth Circuit, in a non-precedential opinion, has also accepted jurisdiction of an appeal from a judgment granting summary judgment, despite an earlier ruling on a motion for summary

7

judgment, which the Court said "appears to satisfy Rule 58's separate document requirements." *Creaghe v. Albemarle Corp.*, 98 F. App'x 972, 973 (5th Cir. 2004) (per curiam). The Court stated, "We interpret Rule 58's requirements to prevent the loss of an appeal whenever reasonable," *id.* at 974, a sentiment we share.

In the pending case, even if the February 12, 2014, order was appealable, we will not fault the Appellant for timely appealing the May 21, 2015, order.

The motion to dismiss is denied. The Appellees' motion for sanctions, sought only because of a claim that the Appellant's appeal was untimely and for that reason frivolous, is also denied.