24-1658-cv
Coker v. Goldberg & Assocs. P.C.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty-five.

PRESENT: RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
SARAH A. L. MERRIAM,
*Circuit Judges.*

-----------------------------------------------------------------

SADE COKER,

*Plaintiff-Appellee,*

v.                                                                No. 24-1658-cv

GOLDBERG & ASSOCIATES P.C.,
JULIE GOLDBERG, ESQ. AN
INDIVIDUAL,

*Defendants-Appellants.*

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLEE:            PENN A. DODSON,
                                   AndersonDodson, P.C., New
                                   York, NY

FOR DEFENDANTS-APPELLANTS:         JULIE A. GOLDBERG, Goldberg
                                   & Associates, P.C., Melvindale,
                                   MI

Appeal from a judgment of the United States District Court for the Southern District of New York (Jennifer L. Rochon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED, and the appeal is otherwise DISMISSED.

Defendants-Appellants Goldberg & Associates P.C. and Julie Goldberg ("Goldberg"), an attorney, appeal from a May 21, 2024 judgment of the United States District Court for the Southern District of New York (Rochon, *J.*) memorializing an order awarding Plaintiff Sade Coker $43,182 in attorneys' fees and $1,593.97 in costs.[1]  The District Court had previously entered a separate judgment on March 1, 2024, after granting summary judgment in Coker's favor

---

[1] When a district court resolves a post-judgment motion for attorneys' fees, the court is generally not required to memorialize its order in a "separate document."  *See Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39, 41 (2d Cir. 2013); Fed. R. Civ. P. 58(a)(3). Nonetheless, when the court's order "expressly directs entry of a judgment by separate document," as is the case here, we treat the later "judgment" as the docket entry from which the appellant appeals.  *See Souratgar v. Lee Jen Fair*, 818 F.3d 72, 78 (2d Cir. 2016).

on her merits claim for unpaid overtime under the Fair Labor Standards Act (FLSA). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

## I. Attorneys' Fees

"[M]indful of the [district] court's superior understanding of the litigation," "[w]e afford a district court considerable discretion in determining what constitutes reasonable" attorneys' fees to award a FLSA prevailing party. *Barfield v. N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008) (quotation marks omitted); *see* 29 U.S.C. § 216(b). The Defendants-Appellants contend that the District Court's fee award was excessive because Coker did not prevail on several of her claims. But the District Court reduced Coker's proposed fee award by 15 percent after it carefully separated the hours that Coker's counsel billed solely for "work on an unsuccessful claim" from those that involved work on Coker's successful claim. *See Holick v. Cellular Sales of N.Y., LLC*, 48 F.4th 101, 106 (2d Cir. 2022) (quotation marks omitted).

The Defendants-Appellants also argue that much of the time that Coker's counsel billed was unreasonable, but the District Court reduced Coker's

3

proposed fee award by another 10 percent to account for what it considered unreasonable billing. The Defendants-Appellants nevertheless fault the District Court for reducing the award by 25 percent rather than by 50 percent. In light of the District Court's careful consideration of the record, however, we conclude that the court acted "well within [its] discretion to refuse to apply a further downward adjustment." *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 60 (2d Cir. 2012).

## II. Summary Judgment

The Defendants-Appellants also challenge the District Court's order, which merged into its March 1, 2024 judgment, granting summary judgment in Coker's favor on her FLSA overtime claim. *See Tarpon Bay Partners LLC v. Zerez Holdings Corp.*, 79 F.4th 206, 221 (2d Cir. 2023). We lack jurisdiction to review the Defendants-Appellants' appeal from this order for two reasons.

First, the Defendants-Appellants' notice of appeal does not indicate an intent to appeal from the District Court's March 1, 2024 judgment. The notice is signed by Goldberg and refers only to the separate May 21, 2024 judgment that "GRANTED in part Plaintiff's motion for attorney's fees and costs and accordingly . . . awarded Plaintiff $43,182 in fees and $1,593.97 in costs, as well as

4

post-judgment interest from the date of the Order." *See Coker v. Goldberg & Assocs. P.C.*, No. 24-1658, Dkt. No. 1 at 1. "Under [Fed. R. App. P.] 3(c)(1)(B)," however, "a notice of appeal 'must designate the judgment . . . from which the appeal is taken.' This requirement is jurisdictional." *Malek v. Feigenbaum*, 116 F.4th 118, 128 (2d Cir. 2024) (citation modified). Construed liberally, the Defendants-Appellants' notice of appeal from the May 21, 2024 judgment does not include the March 1, 2024 judgment.

Second, the Defendants-Appellants did not file their notice of appeal within 30 days of the March 1 judgment granting summary judgment. *See id.* at 127 ("The thirty-day deadline [codified in Fed. R. App. P. 4(a)(1)(A)] is a jurisdictional rule . . . ."). The pendency of Coker's motion for attorneys' fees did not extend their deadline to appeal the summary judgment decision. This is because "a decision on the merits is a 'final decision' for purposes of 28 U.S.C. § 1291 whether or not there remains for adjudication a request for attorney[s'] fees." *O & G Indus., Inc. v. Nat'l R.R. Passenger Corp.*, 537 F.3d 153, 168 (2d Cir. 2008) (citation modified). Nor did the District Court enter an order "delay[ing] the running of the time to file an appeal until the entry of the order disposing of the fee motion." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of*

5

*Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 187 (2014) (citing Fed. R. App. P. 4(a)(4)(A)(iii)).  We thus lack jurisdiction to consider the Defendants-Appellants' appeal from the March 1, 2024 judgment.

We have considered the Defendants-Appellants' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the May 21, 2024 judgment of the District Court is AFFIRMED, and the appeal is otherwise DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court