**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| S. L., by and through her Guardian Ad Litem, Rita Loof, *Plaintiff-Appellant*, v. UPLAND UNIFIED SCHOOL DISTRICT; WEST END SELPA, Local Education Agencies, *Defendants-Appellees*. | No. 12-55715 D.C. No. 2:11-cv-04187-GAF-PJW |

| | |
|---|---|
| S. L., by and through her Guardian Ad Litem, Rita Loof, *Plaintiff-Appellant*, v. UPLAND UNIFIED SCHOOL DISTRICT; WEST END SELPA, Local Education Agencies, *Defendants-Appellees*. | No. 12-56796 D.C. No. 2:11-cv-04187-GAF-PJW OPINION |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted
December 5, 2013—Pasadena, California

Filed April 2, 2014

Before: Harry Pregerson, Marsha S. Berzon,
and Morgan Christen, Circuit Judges.

Opinion by Judge Christen

## SUMMARY[*]

### Individuals with Disabilities Education Act

The panel affirmed in part and reversed in part the district court's order upholding the California Office of Administrative Hearing's partial denial of reimbursement for a student's educational costs under the Individuals with Disabilities Education Act, and dismissed for lack of jurisdiction the student's appeal from the district court's order regarding attorneys' fees.

Reversing in part, the panel held that the student was entitled to reimbursement for the cost of tuition at a private school because (1) the defendant school districts denied her a free appropriate public education when they failed to comply with a previous settlement agreement's assessment requirements, and (2) the private placement was appropriate. The panel held that the student also was entitled to

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

reimbursement for transportation expenses, but the district court did not err in partially rejecting reimbursement for the cost of private aides.

The panel dismissed the student's appeal from the attorneys' fees order as untimely because no separate judgment was required; accordingly, the attorneys' fees order triggered the thirty-day period for filing an appeal.

## COUNSEL

Tania L. Whiteleather (argued), Law Offices of Tania L. Whiteleather, Lakewood, California, for Plaintiff-Appellant.

Jack Byron Clarke, Jr., Kira L. Klatchko (argued), Best Best & Krieger LLP, Indian Wells, California, for Defendants-Appellees.

## OPINION

CHRISTEN, Circuit Judge:

In this consolidated appeal, S.L., a minor, by and through her guardian, challenges the district court's orders upholding the California Office of Administrative Hearing's ("OAH") partial denial of reimbursement for educational costs pursuant to the Individuals with Disabilities Education Act ("IDEA") (No. 12-55715), and granting in part and denying in part a related motion for attorney's fees (No. 12-56796). We have jurisdiction under 28 U.S.C. § 1291 in appeal No. 12-55715 and reverse the district court's decision, in part. We dismiss appeal No. 12-56796 for lack of jurisdiction.

## I. BACKGROUND

### A. Facts

S.L., who has an intellectual disability under federal law, began attending kindergarten in Upland Unified School District, a member of the West End Special Education Local Plan Area (collectively "the districts"), during the 2002/2003 school year. S.L.'s parents were unhappy with the districts' educational program, withdrew S.L., and placed her in a private, parochial school called Our Lady of Assumption ("OLA"). S.L. remained at OLA at least through the end of fifth grade. While S.L. was at OLA, S.L.'s mother hired two private, one-on-one aides to assist S.L. with her schoolwork. In June 2005, S.L. filed a due process hearing request against Upland, alleging her right to a free appropriate public education ("FAPE") was violated between 2002 and 2006.

On June 21, 2007, S.L.'s mother and Upland settled the due process dispute for the years 2002 to 2006. As part of the agreement, Upland agreed to reimburse S.L. $18,000 for educational expenses, provide S.L. with an intensive reading program through a private company, and provide speech and language services. S.L.'s mother agreed to make S.L. available for assessments at reasonable times and to provide releases so the districts could gather information about S.L. and develop a FAPE offer for the 2007/2008 school year.

Meanwhile, in April 2007, the districts sent a proposed assessment plan to S.L.'s parents to prepare for S.L.'s 2007

triennial Individual Education Plan ("IEP")[1] and to meet the requirement that a special education student be assessed at least every three years. The districts estimated that they would need approximately twelve to fifteen hours with S.L. to complete the assessment. On June 13, 2007, S.L.'s mother marked the box "I prefer to meet and discuss the assessment plan before I give approval," requested several dates for a meeting, and returned the proposed plan to the districts.

In the four months following the settlement agreement, S.L.'s mother, the districts, and their attorneys had a series of increasingly contentious exchanges regarding: whether the assessment would take place and, if so, when and how long it would take; whether the districts would provide the mother with the manuals for the proposed assessments; and whether the districts could have an attorney present at an in-person meeting held to discuss substantive disputes. During this time, the districts notified S.L.'s mother that, because "it is clear that you do not intend" to adhere to section A(4) of the settlement agreement regarding the assessment, they considered S.L. to have been voluntarily placed in a private school for the 2007/2008 school year.

## B. Procedural History

In December 2007, S.L., by and through her guardian, filed a second due process complaint against the districts, alleging that they denied S.L. a FAPE by failing to hold an IEP meeting at the parents' request to discuss the proposed assessment plan and the length of time needed to conduct the

---

[1] An IEP is a written statement for each child with a disability that is developed, reviewed, and revised in accordance with 20 U.S.C. § 1414(d). 20 U.S.C. § 1401(14).

assessment ("Issue One"). The complaint also alleged that the districts failed to conduct the agreed-upon assessments, thereby denying S.L. a FAPE ("Issue Two").[2] Following a three-day hearing, the Administrative Law Judge ("ALJ") issued a split decision, determining that the districts "fully prevailed" on Issue One, and that S.L. "substantially prevailed" on Issue Two. The ALJ concluded that OLA was not an appropriate placement for S.L., and "[t]he totality of the Mother's conduct, attitude, and interaction with [the districts] during the time period covered by this case indicated that it was not her intent to resolve the issue with [the districts] and ensure that [S.L.] was assessed."

Weighing the districts' failure to abide by the settlement agreement and failure to assess S.L. on the one hand, and the mother's failure to place S.L. at an appropriate school and unreasonable attitude with regard to the duration of the assessments on the other hand, the ALJ ruled that S.L. was entitled to "some reimbursement" for costs incurred during the 2007/2008 school year. The ALJ concluded placement at OLA was not appropriate for S.L., and did not order the districts to reimburse S.L. for "any of the tuition or related costs" of attending school at OLA. But, because S.L. had "proven that she was receiving educational benefit from her two instructional aides," and because the ALJ found that S.L. needed speech and language therapy, the ALJ ordered $6,999.25 in reimbursement, which S.L. had "proven by means of cancelled checks." The ALJ ruled that S.L. failed

---

[2] OAH initially dismissed the case in May 2008 for lack of jurisdiction, concluding that the settlement agreement, not the IDEA, controlled S.L.'s claims. S.L. appealed the dismissal to the district court, which reversed the OAH's ruling and remanded the case, ruling that OAH had jurisdiction to review and enforce the settlement agreement.

to prove the basis for any other request for reimbursement and denied all of her other costs.

S.L. appealed the ALJ's decision regarding partial reimbursement for the educational costs to the federal district court, which upheld the ALJ's decision in its entirety. Neither the ALJ nor the district court expressly ruled on S.L.'s request for reimbursement for transportation expenses.

Following the district court's decision, and while the appeal of that decision was pending in this court, S.L. moved for attorney's fees and costs, claiming $92,078.35. The district court issued an order on August 27, 2012, granting thirty-eight percent of the fee request, or $34,989.77. S.L. subsequently presented a proposed judgment to the court on September 19, 2012, which the court signed on September 24, 2012. S.L. filed her notice of appeal on October 2, 2012.

## II. DISCUSSION

We review the appropriateness of a special education placement de novo. *C.B. v. Garden Grove Unified Sch. Dist.*, 635 F.3d 1155, 1159 n.1 (9th Cir. 2011). In so doing, we "give weight to the ALJ's findings." *Id.* at 1160. We review a district court's factual findings for clear error. *Id.* at 1159 n.1.

### A. Appeal No. 12-55715 (Merits)

#### 1. *Appropriateness of Placement at OLA*

The first issue we must address is the appropriateness of S.L.'s placement at OLA. Applicable law provides that:

> If the parents of a child with a disability . . . enroll the child in a private . . . school without the consent of or referral by the public agency, a court or a hearing officer may require the agency to reimburse the parents for the cost of that enrollment if the court or hearing officer finds that the agency had not made FAPE available to the child in a timely manner prior to that enrollment and that the private placement is appropriate.

34 C.F.R. § 300.148(c); *see also* 20 U.S.C. § 1412(a)(10)(C)(ii). OAH found that the districts denied S.L. a FAPE for the 2007/2008 school year when they failed to comply with a previous settlement agreement's assessment requirements. The district court affirmed that decision, and it is not part of this appeal.

The "appropriateness" analysis is more complicated. In evaluating whether a placement is appropriate:

> parents need not show that a private placement furnishes every special service necessary to maximize their child's potential. They need only demonstrate that the placement provides educational instruction specially designed to meet the unique needs of a handicapped child, supported by such services as are necessary to permit the child to benefit from instruction.

*C.B.*, 635 F.3d at 1159 (emphasis omitted) (quoting *Frank G. v. Bd. of Educ.*, 459 F.3d 356, 365 (2d Cir. 2006)).

The districts argue that, although S.L. received educational benefit from her private aides, OLA did not provide S.L. with a sufficiently individualized educational benefit.  But OLA did provide S.L. with instructional materials and curriculum, structure, support, and socialization.  It also gave S.L. an accommodations plan under section 504 of the Rehabilitation Act, which provided her with extra study time and testing accommodations, and it allowed her to have a one-on-one aide in class, to be tardy to school and leave school early in order to receive special education services, and to be absent for medical appointments and other health reasons.[3]  OLA followed the state-approved curriculum, and both private aides indicated that they followed that curriculum as presented by the classroom teacher when working with S.L.  The aides furnished significant additional one-on-one assistance to S.L., but S.L.'s classroom teacher provided the testing materials and graded S.L.'s tests, which were the same tests given to the rest of the class.  S.L.'s classroom teacher also testified that S.L. became more socially involved with other students as the school year progressed, and there was evidence that S.L., with the assistance of aides, received good grades and was promoted to fifth grade.  So, while S.L.'s private aides played a major role in S.L.'s education, they did so in the broader context of a supportive school environment, using OLA's educational materials.  S.L. benefitted from the instruction she received at OLA.

---

[3] The accommodation of S.L.'s two private instructional aides was particularly important, given that the districts have never indicated that they would have accepted the privately-funded aides in a public school setting.

Additionally, while the placement at OLA was less than perfect, we are mindful that the OAH found the districts denied S.L. a FAPE by failing to complete the agreed-upon assessments that were intended to ensure an appropriate placement for the 2007/2008 school year. The placement chosen by the mother, under these circumstances, was not unreasonable or inappropriate. As such, S.L. should be reimbursed for the cost of tuition, $4,010.00.

### 2. *Reimbursement for Transportation Expenses*

Because we find, under the circumstances of this case, that OLA was an appropriate placement, S.L. is also entitled to transportation reimbursement in the amount of $2,693.21, a sum based on "the total mileage driven from [S.L.'s] home to OLA and the IRS mileage rate." The "language and spirit of the IDEA encompass reimbursement for reasonable transportation . . . expenses . . . as [a] related service[]." *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1528 (9th Cir. 1994). The best evidence available establishes that transportation to and from OLA was "required to assist" S.L. "to benefit from special education," 20 U.S.C. § 1401(26)(A), particularly because there was no clear indication that the privately-funded aides would have been accommodated in the public school.

### 3. *Reimbursement for Private Aides*

The district court did not err in partially rejecting reimbursement for the cost of the private aides. The court found that "there is insufficient evidence on the record" to prove S.L.'s claim that $14,490 in fees "were incurred," but ordered reimbursement for $6,999.25, an amount proven by cancelled checks. S.L. argues that the trier of fact can weigh

testimony about pay rates and hours worked.  That is what the district court did in finding that S.L.'s estimate for additional compensation was "insufficiently proven because it relies on the witness' bare estimations without supporting documentation or even a statement that the aides were actually present on every one of those days of this school year for the full six hours."  The ALJ also found that the mother's testimony "was not helpful in determining the amount of reimbursement" because "there was contradictory testimony as to exactly how long each of the aides was at school each day," that S.L. "had excessive absences from school due to health-related issues," and that S.L. arrived late and left early on many occasions.  The ALJ also found that there was "no testimony provided as to what portion of the 1099" federal tax forms the parents provided for the aides "should be apportioned" to the 2007/2008 school year.

The districts argue that an equitable reduction in reimbursement on the basis of the mother's conduct was appropriate, but we need not consider this argument because the district court did not reduce the reimbursement amount on that basis.  The district court did not mention the mother's behavior or an equitable reduction of reimbursement in its order.

## B.  Appeal No. 12-56796 (Attorney's Fees)

S.L.'s appeal from the order awarding attorney's fees is dismissed as untimely.  "In a civil case, . . . the notice of appeal . . . must be filed with the district clerk within 30 days after the entry of judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  "A judgment or order is entered for purposes of this Rule 4(a) if Federal Rule of Civil Procedure 58(a) does not require a separate document, when the

judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a)."[4]    Fed. R. App. P. 4(a)(7)(A)(i).  Pursuant to Federal Rule of Civil Procedure 58(a)(3), "a separate document is not required for an order disposing of a motion for attorney's fees under [Federal Rule of Civil Procedure] 54."

The district court issued a written order regarding plaintiff's motion for attorney's fees on August 27, 2012. S.L. filed her notice of appeal thirty-six days later.

S.L. argues that Federal Rule of Civil Procedure 58(d) permits a party to seek entry of judgment in a separate document, and S.L.'s lodging of a proposed judgment on September 19, 2012 constituted such a request. Consequently, S.L. argues that the district court's issuance of the September 25, 2012 judgment "was the final judgment that triggered the timeline" to file the notice of appeal.  This argument fails for two reasons.

First, because "a separate document is not required for an order disposing of a motion for attorney's fees under [Federal Rule of Civil Procedure] 54," Fed. R. Civ. P. 58(a)(3), the order entered on August 27, 2012 triggered the thirty-day period for filing an appeal.  *See Menken v. Emm*, 503 F.3d 1050, 1055–56 (9th Cir. 2007) (discussing entry of judgments and orders); *Perez v. AC Roosevelt Food Corp.*, 2013 WL 6439381, at \*2 (2d Cir. Dec. 10, 2013) (separate document not required for order disposing of motion for attorney's fees under Rule 54); *Feldman v. Olin Corp.*, 673 F.3d 515, 516–17 (7th Cir. 2012) (same).  S.L's guardian did not appeal during the 30-day period.

---

[4] The order on appeal was entered pursuant to Rule 79(a).

Second, "if, after filing a final disposition, a court files a more formal judgment, the latter does not constitute a second final disposition or extend the appeal period." *In re Slimick*, 928 F.2d 304, 307 (9th Cir. 1990). *Slimick* also noted, "[a] disposition is final if it contains a complete act of adjudication, that is, a full adjudication of the issues at bar, and clearly evidences the judge's intention that it be the court's final act in the matter." *Id.* (emphasis and internal quotation marks omitted). The district court's August 27, 2012 order fits that description.

For these reasons, we lack jurisdiction to hear the untimely appeal of the district court's order on fees.

## III.    CONCLUSION

Appeal No. 12-55715 is **AFFIRMED IN PART** and **REVERSED IN PART**.    Appeal No. 12-56796 is **DISMISSED**.  Each party shall bear its costs on appeal.