# UNITED STATES OF AMERICA, Appellant

## v.

# HECLIFFE BENJAMIN; ALBERT GEORGE, Appellees

[995 F.2d 19]

No. 92-7663

United States Court of Appeals

for the Third Circuit

June 7, 1993

H. PETER MABE, United States Attorney; CLARENCE B. TAYLOR (Argued), Assistant U.S. Attorney, Charlotte Amalie, V.I., *for appellant*

BERNARD M. VAN SLUYTMAN (Argued), St. Thomas, V.I., *for appellee Albert George*

RHYS S. HODGE (Argued), Charlotte Amalie, Saint Thomas V.I., *for appellee Hecliffe Benjamin*

BEFORE: GREENBERG, SCIRICA and GARTH *Circuit Judges*

## OPINION OF THE COURT

GARTH, *Circuit Judge*

Under 18 U.S.C.A. § 287 (West Supp. 1992), federal law proscribes the filing of false claims with the federal government or any

431

agency thereof. The instant appeal requires us to determine whether the September 10, 1987 submission by the appellants, Albert George and Hecliffe Benjamin (the "defendants"), to the Government of the Virgin Islands ("GVI") violated § 287 and, if so, whether the five year statute of limitations bars prosecution. We conclude that the September 10, 1987 submission was a claim within the meaning of § 287 and that its prosecution is not barred by the statute of limitations.

## I.

The defendants were doing business as George and Benjamin General Contractors when they entered into a contract with the GVI to build a juvenile justice center for a total contract price of $1,215,000.00. Funding for the project was supplied by a federal grant administered by the United States Department of the Interior.

On July 14, 1987, the defendants filed with the GVI a form entitled "Schedule of Amounts for Contract Payments," on which they stated that the total cost for bonds and insurance in connection with the contract would be $175,000.00 (A19-20). On August 12, 1987, the defendants filed another form with the GVI entitled "Periodical Estimate for Partial Payment." This form stated that it covered the period from July 29, 1987 through August 10, 1987 and sought reimbursement in the amount of $145,000.00 for expenditures for bonds and insurance in connection with the construction contract. Under the heading "Value of Uncompleted Work," the form listed $30,000.00 for bonds and insurance (A21-22).

On September 10, 1987, the defendants filed a second "Periodical Estimate for Partial Payment" for the period August 11, 1987 through September 10, 1987. This estimate, submitted on the same pre-printed standardized form on which the first "Periodical Estimate" was submitted, indicated that the remaining $30,000.00 for insurance and bonds had been paid and reiterated that the total amount incurred for those items was $175,000.00 (A24-25).

On September 9, 1992, after an investigation revealed that the defendants had not paid $175,000.00 for bonds and insurance but had only expended $42,525.00, a Virgin Islands grand jury returned a two count indictment against the defendants. Count I, the subject of this appeal, charged:

That on or about the 10th day of September, 1987, [the defendants] willfully made and presented and caused to be made and

presented to the United States Department of the Interior, a Department of the United States, and the Government of the United States Virgin Islands, a claim upon and against the United States, that is, a Periodical Estimate for Partial Payment, requesting reimbursement in the amount of $175,000.00 for "Bonds and Insurance," knowing that such claim was false, fictitious, and fraudulent, in that [the defendants] had, in truth and fact, paid only $42,525.00 for payment and performance bonds; in violation of Title 18, United States Code, Sections 287 and 2.

Appendix at 15.

Count II charged that from July 14, 1987 until September 10, 1987, the defendants had conspired to make false claims against the United States in violation of 18 U.S.C.A. § 286 (West 1969).[1]

Before the district court, the defendants moved to dismiss both counts of the indictment on the grounds that the applicable five year statute of limitations (18 U.S.C.A. § 3282 (West 1985)) had run. The defendants claimed that submission of the July 14, 1987 and August 12, 1987 documents had comprised the $175,000.00 claim upon which both counts of the indictment were based and that therefore the relevant statute of limitations had expired no later than August 13, 1992, five years after those documents were presented to the GVI.

As to Count I, the district court agreed. Holding that for the purposes of § 287, the defendants had filed the allegedly fraudulent claim for $175,000.00 on August 12, 1987, the district court dismissed Count I as being barred by the five year statute of limitations. The district court, however, declined to dismiss Count II, noting that

. . . the revised claim that was filed on September [10], 1987 [constituted] an attempt at obtaining a payment or allowance since the September filing stated that 100% of the bonds/insur-

---

[1] Section 286 provides:

Whoever enters into any agreement, combination, or conspiracy to defraud the United States, or any department or agency thereof, by obtaining or aiding to obtain the payment or allowance of any false, fictitious or fraudulent claim, shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

18 U.S.C.A. § 286 (West 1969).

ance funds were completed and collectable. The September 10, 1987 filing was still part of the alleged ongoing conspiracy and as such the filing extended the statute of limitations to September 10, 1992.

District Court's Memorandum and Order at 1-2.

Pursuant to 18 U.S.C.A. § 3731 (West Supp. 1993), the government now appeals the district court's dismissal of Count I of the indictment.

## II.

### A.

Because only matters of law are at issue, our review of the district court's dismissal of Count I is plenary. Section 287 provides:

Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious or fraudulent shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title.

18 U.S.C.A. § 287 (West Supp. 1992).

The sole question presented by this appeal is whether or not the document submitted by the defendants on September 10, 1987 constitutes a claim as contemplated by § 287. If it does, the statute of limitations did not expire on Count I before the indictment was brought on September 9, 1992. However, if, as the district court concluded, the document submitted on September 10, 1987 was not a claim, then the statute of limitations would have run from the time the $175,000.00 cost for bonds and insurance was initially presented to the government on August 12, 1987 and Count I of the indictment would have been properly dismissed as having been brought out of time.

### B.

Our review of the record convinces us that on its face the completed form submitted by the defendants on September 10, 1987 did state a false claim of $175,000.00 for bonds and insurance, thereby requiring us to reverse the dismissal of Count I. Not surprisingly, the defendants argue otherwise:

434

The clear reading of [§ 287] makes it certain that the conduct proscribed is the *presentation of false, fictitious or fraudulent claims* to the United States or a department or agency thereof. The relevant claims which were submitted to the Government of the Virgin Islands by [the defendants] were submitted on August 12, 1987. Section 287 makes the claims presentation a crime, not receipt of payment. Thus, the transaction alleged . . . was completed when the claim was presented.

Defendants' Brief at 8 (emphasis in original).

The defendants assert that even assuming that the first Periodical Estimate for Partial Payment, submitted on August 12, 1987, constituted a claim for § 287 purposes, the second such form, submitted on September 10, 1987 did nothing more than reiterate information that had already been provided to the government, specifically that a portion of the total contract price included a $175,000.00 charge for bonds and insurance.[2]

The September 10, 1987 Periodical Estimate accomplished more than the defendants are willing to concede. As established by the record, it provided the first and only notice to the government that the defendants had paid (or at least claim to have paid) the remaining $30,000.00 of the $175,000.00 earmarked for bonds and insurance. In fact, the record indicates that the September 10th form functioned as an invoice which informed the government that the $30,000.00 balance for these items was now due and payable.

As cited above, even the district court concluded that "the revised claim that was filed on September [10], 1987 [constituted] an

---

[2] For the first time on appeal the defendants argue that the second Periodical Estimate for Partial Payment, which shows a submission date of September 10, 1987, was actually submitted on August 12, 1987, the same date that the first Periodical Estimate was submitted.

The defendants maintain that the submission date of September 10, 1987 on the form, which is inserted in pen over a type-written entry of August 12, 1987, was, in fact, submitted on August 12th and that the date was altered only after the defendants had been cajoled into making the change by government representatives. This contention, which is wholly unsupported by the record, is not properly before us since the district court transcript indicates that the issue was never raised below.

Moreover, even if it had been raised in the district court, the actual date of the form's submission is a question of fact that must be first addressed at a trial on the merits and is not a proper subject for resolution by us in the context of the instant appeal.

attempt at obtaining a payment or allowance since the September filing stated that 100% of the bonds/insurance funds were completed and collectable." Under these circumstances, we cannot characterize the September 10, 1987 form, which includes an entry marked, "BALANCE DUE THIS PAYMENT," as anything other than a claim.

Although it is true that the government had been made aware on previous occasions that the defendants were intending to collect $175,000.00 for bonds and insurance, such previous statements (or claims) do not preclude the possibility that the same claim could be made at a later date and still fall within the definition of a claim as contemplated by § 287.

Inspection of the dates on which the government checks were written discloses that the government had not yet paid the balance on the August 12th invoice as of the time the defendants filed the September 10, 1987 claim form.[3] In other words, even though the August 12, 1987 form reported that $145,000.00 of the $175,000.00 total was due, as of September 10, 1987, the government had not paid any portion of that total amount.[4] This suggests that the September form, in addition to stating a claim for the $30,000.00 balance owing on bonds and insurance, could also have served as a new claim which stated, in effect, that the defendants were still awaiting payment of the initial $145,000.00 requested in the first Periodical Estimate but which, as of September 10, 1987, was still unpaid.[5]

Although the unique facts giving rise to this appeal render the underlying legal issue one of first impression for this court, at least one district court has been faced with an analogous case. In United

---

[3] The record includes a canceled government check dated September 29, 1987 in payment of the August 12, 1987 invoice. Thus, payment of the August 12, 1987 invoice was not made until more than two weeks after the September 10, 1987 claim was filed (A27).

[4] We recognize that the government's failure to pay does not extend the time for statute of limitations purposes.

[5] Even assuming, arguendo, that the claim at issue is one for $30,000.00, as opposed to the full 175,000.00 as put forth in the indictment, the defendants have not asserted that such a disparity between the indictment and the prospective proof amounts to an impermissible variance. Moreover, such a variance claim could not properly be before us until a trial on the merits has been conducted. See United States v. Adams, 759 F.2d 1099, 1109 (3d Cir.), cert. denied, 474 U.S. 906 (1985).

States v. J.R. Watkins Co., 16 F.R.D. 229 (D. Minn. 1954), a corporation and its president were charged under 18 U.S.C. § 1001 (fraud and false statements) with filing an amended report in which they knowingly misrepresented that certain alcohol was being used in the manufacture of liniment for external uses only. In fact, the defendants in that case had the intent and knowledge that some of the alcohol would be used in the manufacture of liniment for internal use. Although the amended report provided no more information in regard to the use of the liniment than did the original report (prosecution for which the statute of limitations had run), the court held that the amended report, nevertheless, constituted a false claim within the meaning of the relevant statute. Id. at 233-34.

Similarly, in the instant case the fact that the defendants filed a claim on August 12, 1987, which included much of the same allegedly false information as was included in the subsequent claim filed on September 10, 1987, does not alter our conclusion that the September 10th submission also constituted a false claim actionable under § 287.[6]

## III.

We will therefore reverse the district court's order of December 3, 1992 to the extent that it granted the defendants' motion to dismiss Count I of the indictment and we will direct the district court to reinstate Count I and conduct further appropriate proceedings.

---

[6] In the alternative, the government argues that the filing of the September 10, 1987 claim can be viewed as a continuing "pattern of conduct" that began in August of 1987 and did not end until the last claim form was submitted on September 10, 1987. See, e.g., Bramblett v. United States, 231 F.2d 489 (D.C. Cir. 1956).