12-2792-cr
*United States v. Williams*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand thirteen.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee,*

        v.                                        No. 12-2792-cr

RONALD WILLIAMS,

    *Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**        James F. Greenwald, James P. Egan, *for* Lisa A. Peebles, Federal Public Defender, Office of the Federal Public Defender for the Northern District of New York, Syracuse, NY.

**FOR APPELLEE:**                                    Tamara Thomson, Paul D. Silver, *for* Richard
                                                                    S. Hartunian, United States Attorney, United
                                                                    States Attorney's Office for the Northern
                                                                    District of New York, Albany, NY.

Appeal from a judgment of conviction of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's July 5, 2012 judgment is **AFFIRMED**.

On January 26, 2012, a jury convicted defendant-appellant Ronald Williams of eleven counts of making false claims against the United States, and one count of aiding and abetting another individual with filing a false claim against the United States, all in violation of 18 U.S.C. §§ 287 and 2. These twelve counts were based on the fact that, over a period of a few years, Williams filed, or helped file, twelve IRS Form 1040s that, if approved, would have resulted in the United States paying more than $400 million dollars in fraudulent refunds.

On July 2, 2012, the District Court sentenced Williams to a term of 60 months' imprisonment on Counts 1 through 6 to run consecutively with a term of 60 months' imprisonment on Counts 7 through 12, for a total term of 120 months' imprisonment. Williams's sentence is significantly below his Guidelines range of 324 to 405 months' imprisonment.

We assume the parties' familiarity with the facts and procedural history of this case.

## DISCUSSION

Williams makes two arguments on appeal. First, he contends that the evidence presented at trial was insufficient to prove that he knowingly filed false "claims" for tax refunds. In particular, Williams argues: (1) that the Form 1040s he sent to the IRS, which included "income"[1] and "withholding" amounts, were not "claims" under 18 U.S.C. § 287 because he did not indicate a refund amount on the forms;[2] and (2) that there was insufficient evidence for a rational juror to find that he knew that these tax filings were fraudulent, inasmuch as he believed information provided in

---

[1] On these returns, the income amount was based on some type of purported "Bond," "Appearance Bond," or "Penal Bond."

[2] Williams also argues that two of the Form 1040s were not signed, and therefore cannot be "claims" for that reason as well. Attached to those two Form 1040s, however, were signed power-of-attorney forms authorizing the IRS "to prepare forms on behalf of the taxpayer" based on the listed income and withholding amounts. *See* App'x 504, 515-17. Moreover, Williams argues that he should not be held responsible for all of the Form 1040s he filed because he filed several in each calendar year. We disagree. *See United States v. Benjamin*, 995 F.2d 19, 22 (3d Cir. 1999) ("[T]he fact that the defendants filed a claim . . . , which included much of the same allegedly false information as was included in the subsequent claim filed . . . , does not alter our conclusion that the [later] submission also constituted a false claim actionable under § 287.").

an article called *The American's Bulletin*.[3]  Second, Williams argues that his 120-month sentence is substantively unreasonable.

## A.

"As a general matter, a defendant challenging the sufficiency of the evidence that led to his conviction at trial bears a heavy burden, as the standard of review is exceedingly deferential."  *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012) (internal quotation marks, and citations omitted).  On a sufficiency challenge, we "must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence."  *United States v. Chavez*, 549 F.3d 119, 124 (2d Cir. 2008) (internal citations, alterations and quotation marks omitted).  "Although sufficiency review is *de novo*, we will uphold the judgments of conviction if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Coplan*, 703 F.3d at 62 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

After reviewing the record, we conclude that Williams's sufficiency challenges are without merit.  First, the evidence presented at trial rebuts Williams's argument that the Form 1040s he filed were not "claims" under § 287 because "a claim for [a] refund [can be] based on [a withholding amount]."  App'x 306; *see id.* at 304; *see also United States v. McBride*, 362 F.3d 360, 369 (6th Cir. 2004) (stating that § 287 covers "situations [where] the defendant is using fraudulent means to secure an unjustified monetary payment from the government").  Moreover, the fact that the IRS mistakenly sent a $327,456 refund check to Williams based on the IRS Form 1040 he filed for calendar year 2005 belies his argument that a refund amount had to be listed to constitute a "claim."  *See* App'x 53, 481.

Second, there was sufficient evidence presented at trial for a rational jury to conclude that Williams knew that his refund claims were "false, fraudulent, or fictitious."  18 U.S.C. § 287.  Not only does Williams concede that he was informed by multiple government officials that his refund claims were frivolous, but the evidence also shows that an IRS Special Agent specifically told Williams that the "tax schemes" discussed in *The American's Bulletin* were illegal.  *See* App'x 328.  In addition, the IRS sent letters to Williams informing him that the income and withholding amounts listed in his IRS Form 1040s were "frivolous."  *Id.* at 457-59.

In sum, we conclude that a rational juror could have concluded that Williams filed "claims" for refunds with the IRS and that he knew that these "claims" were false, fraudulent, or fictitious.

---

[3]  As one court has explained, *The American's Bulletin* "advocat[es] that the United States is a private foreign corporation based in England and that [its] courts and judges are without authority.  Further, the document explains that the states make thousands of dollars per day on inmates, that income tax is voluntary, and that the IRS has no authority to impose taxes."  *Johns v. Lockhart*, No. 2:11-cv-458, 2013 WL 1289393, at *5 (W.D. Mich. Feb. 7, 2013).

**B.**

We review criminal sentences for "unreasonableness," which "amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc) (quotation marks omitted); *see also In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (A district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." (internal citations and quotation marks omitted)). "We have previously likened our review for substantive unreasonableness to the consideration of a motion for a new criminal jury trial, which should be granted only when the jury's verdict was manifestly unjust, and to the determination of intentional torts by state actors, which should be found only if the alleged tort shocks the conscience." *Coplan*, 703 F.3d at 92 (internal quotation marks and citations omitted).

At the sentencing hearing, the District Court determined that the Guidelines range of 324 to 405 months' imprisonment was too severe because the intended "loss amounts," which were based on the very high numbers in Williams's tax filings, "substantially overstate[d]" the seriousness of his offense. *See* App'x 623. But in sentencing Williams to a term of 120 months' imprisonment, Judge Mordue noted that "I find this non-Guideline sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing, after considering your background and the seriousness of this offense." *Id.* at 622-23.

Although Williams's 120-month sentence is significant, it is well below the Guidelines recommendation. As "a Guidelines sentence [in the overwhelming majority of cases] will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," *United States v. Friedberg*, 558 F.3d 131, 137 (2d Cir. 2009) (internal quotation marks omitted), "[i]t is . . . difficult to find that a below-Guidelines sentence is unreasonable," *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011). Based on our review of the record, and taking into account Williams's lengthy criminal history as well as the large intended "loss amount" at issue, we cannot conclude that the District Court's 120-month sentence falls outside "the range of permissible decisions."[4] *In re Sims*, 534 F.3d at 132.

---

[4] We, of course, do not suggest that the District Court would not have been justified in imposing a lower sentence based on the facts of this case. Indeed, inasmuch as the intended loss amount generated a 30-level increase in Williams's offense level, we agree with the District Court that it "substantially overstate[d] the seriousness of the offense." Joint App'x 623. But as the 120-month sentence falls within the "range of [the District Court's] permissible decisions," we cannot conclude that it was substantively unreasonable. *In re Sims*, 534 F.3d at 132.

4

**CONCLUSION**

We have considered all of Williams's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's July 5, 2012 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk