16-601-cr
*United States v. Ohle*

# In the
# United States Court of Appeals
## for the Second Circuit

———

AUGUST TERM 2017

No. 16-601-cr

UNITED STATES OF AMERICA,
*Appellee,*

v.

WILLIAM E. BRADLEY, JOHN B. OHLE, III,
*Defendants,*

PATRICIA DALTON OHLE, FESTIVUS FOR THE REST OF US, INC.,
THE MUSEUM OF SPORTS HISTORY, LLC, THE JSJD GRANTOR TRUST,
THE DALTON OHLE INVESTMENT PROPERTY TRUST,
*Movants-Appellants.*

———

On Appeal from the United States District Court
for the Southern District of New York

———

ARGUED: JANUARY 23, 2018
DECIDED: FERBUARY 16, 2018

———

Before: LEVAL, CALABRESI, AND CABRANES, *Circuit Judges.*

————

This appeal raises two questions pertaining to this Court's jurisdiction. The first question is whether appeals from a 21 U.S.C. § 853(n) proceeding, in which third parties claim an interest in criminally forfeited property, are civil or criminal for purposes of Federal Rule of Appellate Procedure 4. We hold that § 853(n) proceedings are civil and, thus, governed by the time limits in Rule 4(a), which are jurisdictional because they implement the requirements of 28 U.S.C. § 2107.

The second question is whether the clock starts to run on filing a notice of appeal at time one, when a district court enters an initial order announcing its decision, or at time two, when the district court enters a later order reaffirming its decision and explaining its reasoning. We hold that the clock starts to run at the issuance of the first order and does not reset at the issuance of the second order.

Because Appellants did not file their notice of appeal within sixty days of the district court's first order, as required by Rule 4(a), we **DISMISS** the appeal for lack of jurisdiction.

————

NANETTE L. DAVIS, Special Assistant United States Attorney, (Stanley J. Okula, Jr., Special Assistant United States Attorney,

Micah W.J. Smith, Sarah Lathleen Eddy, Assistant United States Attorneys, *on the brief*), United States Attorney's Office for the Southern District of New York, *for Appellee.*

WESLEY D. EHRHARDT (Hiram C. Eastland, Jr., Eastland Law Offices, PLLC, Greenwood, Miss., *on the brief*), Patterson Ehrhardt PLLC, Como, Miss., *for Movants-Appellants.*

————

CALABRESI, *Circuit Judge*:

This appeal presents two questions, not previously settled by this Court, concerning the application of Federal Rule of Appellate Procedure 4. The first question is whether a 21 U.S.C. § 853(n) proceeding, in which third parties claim an interest in criminally forfeited property, is civil or criminal. The second question is whether the clock starts to run on filing a notice of appeal from the court's denial of a motion seeking "Relief from a Judgment of Order" under Federal Rule of Civil Procedure 60 at time one, when a district court enters an initial order announcing its decision, or at time two, when the district court enters a later order reaffirming its decision and explaining its reasoning.

**I.**

On June 2, 2010, after a three-week jury trial before the United States District Court for the Southern District of New York, John B. Ohle, III was convicted of tax evasion and of conspiracy to commit fraud. In connection with that conviction, Ohle was required to forfeit both real and personal property, including significant sums of cash. Appellants Patricia Ohle, Festivus for the Rest of Us, Inc., The Museum of Sports History, LLC, The JSJD Grantor Trust, and The Dalton Ohle Investment Property Trust (collectively "Appellants") all filed petitions under 21 U.S.C. § 853(n) claiming interests in Ohle's forfeited property. In May 2013, the district court entered a stipulation and order enforcing a settlement agreement between Appellants and the Government which resolved Appellants' various ownership interests in the property.

Two years later, Appellants returned to the district court claiming fraud and misconduct on the part of the Government. On this basis, they filed a motion under Federal Rule of Civil Procedure 60 to vacate that settlement agreement.

On August 20, 2015, the district court entered an order denying Appellants' Rule 60 motion. The order stated: "Upon consideration, the Court hereby denies the motion. A Memorandum explaining the reasons for this ruling will issue in due course." *United States v. Ohle*, No. 08-cr-1109 (S.D.N.Y. Aug. 20, 2015), ECF No. 269.

4

More than four months later, on December 30, 2015, the district court entered a memorandum order explaining its reasoning for denying Appellants' Rule 60 motion. In that order's conclusion, the district court wrote: "Accordingly, for the foregoing reasons, the Court reaffirms its August 20, 2015 Order denying Movants' motion to set aside the forfeiture order. The Clerk of the Court is directed to close the motion at document number 264 of the docket." *United States v. Ohle*, No. 08-cr-1109 (S.D.N.Y. Dec. 30, 2015), ECF No. 273, *8.

On February 29, 2016, Appellants filed their notice of appeal from the denial of their motion under Rule 60.

**II.**

To resolve whether we have jurisdiction over this appeal, we must first determine whether a § 853(n) proceeding ancillary to a criminal conviction is civil or criminal. If it is civil, then Federal Rule of Appellate Procedure 4(a)(1)(B)'s sixty-day time limit to file a notice of appeal applies. A party's failure to meet this time limit deprives this Court of subject-matter jurisdiction. Although the time limits in the Federal Rules are not themselves jurisdictional, "the time limits of FRAP Rule[] 4(a)(1) . . . [are] 'jurisdictional' because . . . these limits were also imposed by Congressional statute[]—28 U.S.C. §[] 2107[]." *Weitzner v. Cynosure, Inc.*, 802 F.3d 307, 310–11 (2d Cir. 2015) (applying *Bowles v. Russell*, 551 U.S. 205 (2007)). If a 21 U.S.C. § 853(n) proceeding is, instead, criminal then Appellants are limited to the

5

narrower window of time prescribed by Rule 4(b),[1] which they concededly did not meet. Unlike Rule 4(a), however, a party's failure to satisfy Rule 4(b) does not deprive this Court of jurisdiction. *United States v. Frias*, 521 F.3d 229, 231 (2d Cir. 2008).

To determine whether a § 853(n) proceeding is civil or criminal, it is instructive first to review the nature of such proceedings. Once an order of forfeiture is entered in a criminal prosecution, the Government is obligated to "publish notice of the order and of its intent to dispose of the property." 21 U.S.C. § 853(n)(1). The ensuing § 853(n) proceeding then provides the exclusive means for a third party to "assert[] a legal interest" in the property subject to forfeiture. § 853(n)(2). These proceedings are conducted separately from the underlying criminal proceeding—criminal defendants cannot bring a petition under § 853(n), and third parties are barred from intervening in the underlying criminal forfeiture. *See* § 853(n)(2) (allowing a petition by "[a]ny person, other than the defendant"); § 853(k) (barring third parties from intervening in the criminal case or otherwise bringing a civil action asserting their interests in the property).

To prevail in a § 853(n) proceeding, third parties must prove by a preponderance of the evidence one of two things. They can succeed

---

[1] Rule 4(b) provides a defendant with fourteen days to file a notice of appeal and the Government with thirty days to file a notice of appeal.

6

by showing that they, and not the defendant, held "the right, title, or interest" in the forfeited property (or that their interest "was superior to any right, title, or interest of the defendant" when the defendant committed the crime giving "rise to the forfeiture of the property"). § 853(n)(6)(A). Or, they can prevail by showing that they were "bona fide purchaser[s] for value" and were "reasonably without cause to believe that the property was subject to forfeiture" at the time they purchased their "right, title, or interest." § 853(n)(6)(B).

If no third party files a petition within the prescribed time (or no petitioner prevails), the Government emerges with "clear title to [the forfeited] property . . . and may warrant good title to any subsequent purchaser or transferee." *Id.* § 853(n)(7).

It is clear from this description that appeals from § 853(n) proceedings are to be governed by subsection (a) of Rule 4, the subsection governing civil appeals, rather than subsection (b), the subsection governing criminal appeals. While § 853(n) "appears within a larger Code section dealing with the standards and procedures applicable to criminal forfeiture," it "bears few if any hallmarks of a criminal proceeding." *United States v. Moser*, 586 F.3d 1089, 1092–93 (8th Cir. 2009). For example, the criminal defendant is not a party to the proceeding, and, unlike the underlying criminal forfeiture, the § 853(n) proceeding has no punitive aim. It merely seeks to settle legal interests in property.

7

In contrast, a § 853(n) proceeding "carries many of the hallmarks of a civil proceeding." *Id.* at 1093. Both the applicable burden of proof (a preponderance of the evidence) and the underlying legal issue (the allocation of property interests) are civil in nature. And, substantively, a § 853(n) proceeding greatly resembles a quiet title action. *See id.* (collecting cases).

Moreover, an appeal from a § 853(n) proceeding is an ill-fit for Rule 4(b), the subsection governing criminal appeals. Subsection (b) establishes separate timelines for appeals brought by "defendant[s]" and those brought by "the government." Fed. R. App. P. 4(b)(1)(A), (B). Third-party claimants do not fit comfortably into either category. They certainly are not "the government." And they are not aptly described as the "defendant[s]," both because they are the plaintiffs in the underlying proceeding, and because the government stands in "the defendant's shoes" in a § 853(n) proceeding. *United States v. Lavin*, 942 F.2d 177, 185 (3d Cir. 1991).

We, therefore, conclude that appeals from an ancillary proceeding to a criminal forfeiture under § 853(n) are governed by the civil timelines articulated in Rule 4(a). The Ninth and Third Circuits have reached this same conclusion. *United States v. Alcaraz-Garcia*, 79

8

F.3d 769, 772 n. 4 (9th Cir. 1996); *Lavin*, 942 F.2d at 181–82. Today, we join their holdings.[2]

**III.**

Having determined that Rule 4(a) governs this appeal, we must determine whether Appellants filed their notice of appeal within sixty days of the "entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(B); *see also* 28 U.S.C. § 2107(b). If they have not, we do not have jurisdiction to entertain their merits argument. *See Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39, 41 (2d Cir. 2013).

It is important to note that Appellants are appealing from a denial of a Federal Rule of Civil Procedure 60 motion. Federal Rule of Civil Procedure 58(a)(5) provides that a judgment need not be "set out in a separate document" if "an order dispos[es] of a motion . . . for

---

[2] Various circuits have considered the nature of forfeiture proceedings in different contexts. Thus, the Eighth and Eleventh Circuits have determined that § 853(n) proceedings are civil for the purposes of allowing a successful claimant to collect attorney's fees under the Civil Asset Forfeiture Reform Act, 28 U.S.C. § 2645(n)(1), *Moser*, 586 F.3d at 1092–94, and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995). And the First Circuit has held that proceedings involving a criminal forfeiture were criminal in nature for the purpose of applying the adverse spousal testimony privilege. *United States v. Yerardi*, 192 F.3d 14, 18–19 (1st Cir. 1999). None of these issues are before us today.

relief under Rule 60." The district court's August 20th order expressly "denie[d]" their Rule 60 motion. It follows that the clock to file a notice of appeal began running once the August 20th order was "entered in the civil docket," Fed. R. App. P. 4(a)(7)(A)(i).

The fact that the district court reserved the right to explain its August 20th decision until later, and gave that explanation on December 30, 2015, does nothing to prevent the clock from running. *See Cumberland Mut. Fire Ins. Co. v. Express Prod., Inc.*, 529 F. App'x 245, 250 (3d Cir. 2013) (citing *Ludgood v. Apex Marine Corp. Ship Mgmt.*, 311 F.3d 364, 369 (5th Cir. 2002)); *In re Se. Bank Corp.*, 97 F.3d 476, 479 (11th Cir. 1996)). The December 30th order would only have reset the clock on filing an appeal if it "change[d] matters of substance, or resolve[d] a genuine ambiguity, in a judgment previously rendered." *Perez*, 744 F.3d at 42 (quoting *Priestley v. Headminder, Inc.*, 647 F.3d 497, 502 (2d Cir. 2011)). The order, which merely "reaffirm[ed]" the August 20th order, did nothing of the sort.

Because the district court entered its order on August 20th, the time to appeal expired on October 19, 2015. Appellants concededly did not file their appeal by this date. Appellants' notice of appeal was, therefore, untimely and we dismiss their appeal for lack of jurisdiction.

**IV.**

10

In sum, we hold that the timeliness of this appeal is governed by Federal Rule of Appellate Procedure Rule 4(a). Under that rule, which implements the requirements of 28 U.S.C. § 2107, Appellants' appeal is untimely because it was filed more than sixty days after the district court denied Appellants' Rule 60(d)(3) motion. Accordingly, we **DISMISS** the appeal for lack of jurisdiction.