RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0086p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

JEREMIAH A. LEAVY,

                *Petitioner-Appellant*,

    *v.*

KENNETH D. HUTCHISON, Warden,

                *Respondent-Appellee*.

No. 18-6246

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 2:05-cv-02916—J. Daniel Breen, District Judge.

Decided and Filed:  March 19, 2020

Before:  NORRIS, SUTTON, and BUSH, Circuit Judges.

─────────────────

**LITIGANT**

**ON RESPONSE TO SHOW-CAUSE ORDER:**  Jeremiah A. Leavy, Mountain City, Tennessee, pro se.

─────────────────

**OPINION**

─────────────────

PER CURIAM.  A Tennessee jury convicted Jeremiah A. Leavy of premeditated, first-degree murder (and a slew of other crimes) in 1998.  After exhausting his remedies in the state courts, he petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, which the district court denied in June 2006.  More than a decade later, Leavy moved for relief from that judgment under Civil Rule 60(b).  In August 2018, the district court denied that request too.  Leavy now appeals the district court's decision.  We dismiss his appeal as untimely.

On the morning of April 27, 1997, Leavy and three friends broke into the home of 71-year-old James Terry, Sr. After "ransacking" the house, they "sat down to watch basketball on television" and waited for Terry to return home. R. 4 at 3. When Terry returned from visiting his ailing wife at the local nursing home, the young men ambushed him. They bound his hands and feet with duct tape, carried him into the bathroom, and placed him in a bathtub they had filled with water and kerosene. Then they weighed him down with "blankets, drapes, and pieces of furniture." *Id.* Terry died.

Leavy and his friends helped themselves to "twenty dollars from [Terry's] wallet, a microwave oven, and a kerosene space heater . . . and spent the afternoon driving around [in Terry's car] eating snacks purchased with [his] money." *Id.* They called it a day around 4:00 p.m. when the car got stuck in the mud, after which they hitchhiked home.

A Tipton County, Tennessee jury convicted Leavy of first-degree murder (and other crimes he committed during the break-in) in March 1998. The court sentenced him to life in prison. Resisting these convictions, Leavy petitioned the district court for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting his remedies in the state courts. The district court denied his petition in June 2006.

Seeking to reopen his federal habeas proceedings more than a decade later, Leavy moved for relief from that judgment under Civil Rule 60(b) in February 2017. The district court denied the motion on August 24, 2018 and entered a formal judgment on September 12. Leavy requested a certificate of appealability from our court on October 9, 2018, which we construed as a notice of appeal.

Litigants generally have 30 days from the district court's entry of a final judgment or final order to file a notice of appeal. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). Otherwise, we lack jurisdiction to hear the appeal. *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 19–21 (2017). But which document starts the clock? For Rule 60(b) motions, the rules make clear that the order does. *See* Fed. R. App. P. 4(a)(7)(A)(i); Fed. R. Civ. P. 58(a)(5). That means Leavy's time to appeal expired on September 24, 2018. Two more conclusions follow: Leavy's October 9 appeal is untimely, and we thus lack jurisdiction to hear it.

That the district court later entered a formal judgment in Leavy's case does not change the appeal deadline or restart the clock. *See United States v. Bradley*, 882 F.3d 390, 394 (2d Cir. 2018); *Whittington v. Milby*, 928 F.2d 188, 191–92 (6th Cir. 1991). Only if a subsequent order or judgment "change[s] matters of substance," *Bradley*, 882 F.3d at 394 (quotation omitted), or "disturb[s] or revise[s] legal rights settled by [the earlier] order," *Whittington*, 928 F.2d at 191 (quotation omitted), does the appeals clock reset. The September 12 judgment lacks any of these hallmarks.

A couple courts have gestured toward a different approach. The Ninth Circuit has suggested that "if a district court enters two dispositive orders, each of which is sufficient to trigger the time for appeal[,] . . . a party should not have to run the risk that the order he may choose to appeal from" is the wrong one. *Ingram v. ACandS, Inc.*, 977 F.2d 1332, 1339 (9th Cir. 1992); *cf. Kline v. Dep't of Health & Human Servs.*, 927 F.2d 522, 524 (10th Cir. 1991). The post-2002 Appellate Rules clarify matters at any rate. They give litigants ample notice that they must appeal within 30 days of a district court's order disposing of the motions listed in Civil Rule 58(a). *See* Fed. R. App. P. 4(a)(7)(A)(i).

(The Ninth Circuit's approach by the way would not help Leavy anyhow. The district court initially docketed and mailed him a civil judgment entered on September 12 in a *different* case by mistake. Because the district court only recently corrected its error, Leavy could not have known at the time that the court also issued a separate judgment in *his* case.)

In response to our request that Leavy show cause why his appeal should not be dismissed, he claims that he mailed a timely notice of appeal to the district court in early September, within the applicable 30-day time limit. But no record of this filing appears on the district court's docket. Leavy's subsequent application to this court for a certificate of appealability, which includes a section titled "Procedural History," likewise makes no mention of a previous notice of appeal, and he did not submit a copy of the purported document with his show-cause response.

Leavy relies instead on two declarations, his own and a fellow prisoner's. *See* 28 U.S.C. § 1746. Both claim that Leavy handed a notice of appeal to prison officials at some point "prior to September 12." Pet'r Resp. 4, 6. But these declarations fail to help Leavy's case. Even if we

assume that the September notice of appeal exists in spite of all the evidence to the contrary, the declarations do not suffice to demonstrate a timely filing. Under the prison mailbox rule, a prisoner may establish that he timely filed a notice of appeal by supplying a declaration under penalty of perjury that specifies two things: (1) the date he handed the document to prison officials and (2) that he pre-paid first class postage. Fed. R. App. P. 4(c)(1). So long as the prisoner hands the notice of appeal to prison officials before the appeals clock runs, we consider it timely. *Id.* But Leavy's declaration fails on both scores. He gives only a vague description of when he mailed the document and says only that he handed it to prison officials, not that he paid for postage. "The postage requirement is important: [M]ail bearing a stamp gets going, but an unstamped document may linger." *United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004).

We dismiss Leavy's appeal for lack of jurisdiction.