FILED
United States Court of Appeals
Tenth Circuit

June 2, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JACK JIM CLARK,

    Defendant - Appellant.

No. 19-5099
(D.C. Nos. 4:19-CV-00226-CVE-JFJ &
4:15-CR-00126-CVE-1)
(N.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABIITY**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Defendant Jack Clark seeks a certificate of appealability (COA) to appeal the

dismissal by the United States District Court for the Northern District of Oklahoma of his

motion for relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a

COA to appeal denial of a § 2255 motion). We deny a COA and dismiss the appeal.

On July 9, 2015, a grand jury indicted Defendant on seven counts of false claims

for refunds of federal gasoline excise tax. The final indictment—the third superseding

indictment—charged Defendant with 21 counts of false claims, *see* 18 U.S.C. § 287, and

20 counts of mail fraud, *see* 18 U.S.C. § 1341. On August 25, 2017, Defendant pleaded

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

guilty to two counts of the third superseding indictment—one false-claim count and one mail-fraud count. He was sentenced to concurrent terms of 60 months' imprisonment on each count and ordered to pay restitution of $10,042.098.42. He did not appeal. On May 1, 2019, Defendant filed his § 2255 motion. The district court denied the motion and denied a COA.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

Defendant's brief in this court asserts: (1) the Assistant United States Attorney representing the government was not properly appointed, making Defendant's indictment, judgment, and commitment unconstitutional; (2) the district court lacked subject-matter jurisdiction; and (3) his counsel was ineffective in several respects.

To begin with, Defendant contends that counsel who represented the United States in the underlying proceedings, Assistant United States Attorney Charles M. McLoughlin, was not properly appointed under the Constitution's Appointments Clause, *see* U.S. Const. art. II, § 2, cl. 2, and other constitutional provisions, *see id*. art. II, § 3; art. VI, cl.

2

3.  But, as explained by the district court, assistant United States attorneys are "inferior officers" not subject to Senate confirmation.  On appeal, Defendant does not contest this conclusion.  Instead, he claims that McLoughlin's lack of a presidential commission renders the appointment improper.  Presidential commissions are necessary, however, only for *principal* officers. *See* Charles H. Koch, Jr. & Richard Murphy, 3 Admin. L. & Prac. § 7:34[1] (3d ed.).  And insofar as Defendant is arguing that McLoughlin was required to swear an oath to support the Constitution, the record includes an oath of office signed by him on January 22, 1992—the date of his appointment.

Defendant next argues that the district court lacked jurisdiction to hear his case because jurisdiction "based upon 28 U.S.C. § 116(a) . . . violat[es] . . . the Treaties of 1832, 1833, 1856, and 1866, between the United States and the Creek Nation.  28 U.S.C. § 547, does not apply inside the Creek Nation[']s boundaries and both 18 U.S.C. §§ 287 and 1341 do[] not apply to anyone's conduct inside the Creek Nation's boundaries." Aplt. Br. at 4.  He relies on our decision in *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), to support what appears to be the thrust of this argument—that the federal court had no jurisdiction over his alleged crimes in the Creek Nation.  In *Murphy* we held that Oklahoma state courts were without jurisdiction to hear a murder charge brought against a member of the Creek Nation as the crime occurred in Indian Country, within the boundaries of the Nation's reservation.  875 F.3d at 904, 966.  The district court correctly concluded that *Murphy* is inapplicable and Defendant's jurisdictional argument otherwise unavailing because Defendant was prosecuted for crimes against the United States, rendering the status of the land where his alleged crimes took place irrelevant.

3

Defendant's remaining arguments concern claims of ineffective assistance of counsel. To prevail on claims of ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient—"that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"—and that "the deficient performance prejudiced [his] defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In conducting this analysis, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). Further, to establish that a defendant was prejudiced by counsel's deficient performance, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "Failure to make the required showing of *either* deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700 (emphasis added). If an ineffectiveness claim is premised on defense counsel's alleged failure to raise an issue, we reject the claim if the issue is meritless. *See Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999).

First, Defendant maintains that defense counsel should have determined whether the third superseding indictment related back to the first three indictments and if not, should have moved to dismiss all charged counts for being outside the five-year limitations period for his alleged offenses. *See United States v. Tolliver*, 730 F.3d 1216,

4

1225 (10th Cir. 2013) (five-year limitations period for mail fraud, 18 U.S.C. § 1341); *United States v. Benjamin*, 995 F.2d 19 (3d Cir. 1993) (five-year limitations period for false claims, 18 U.S.C. § 287).  But "[a] superseding indictment filed while the first indictment is validly pending is not barred by the statute of limitations unless it broadens or substantially amends the charges in the first indictment." *United States v. Davis*, 953 F.2d 1482, 1491 (10th Cir. 1992).  Defendant pleaded guilty to two counts in the third superseding indictment—one false-claim count, which was identical to count three in the initial indictment, and one mail-fraud count, which was identical to count nine in the first superseding indictment.  Because the initial indictment and the first superseding indictment were both filed within the limitations period, the district court properly determined the charges in the third superseding indictment were not time-barred and that counsel was therefore not ineffective for failing to move for dismissal.

Defendant also alleges that his counsel was ineffective for "(1) failing to know the law; (2) failing to investigate the district court[']s jurisdiction and judicial power; (3) failing to determine and argue the district court's subject-matter jurisdiction; and (4) failing to dismiss the case for lack of an Article III live case or controversy."  Aplt. Br. at 3.  Defendant does not, however, provide any specificity regarding what law his counsel failed to know, what problems should have been uncovered regarding the district court's jurisdiction and judicial power, why the district court lacked subject-matter jurisdiction, or why his case did not present a live case or controversy.  Hence, we can only assume that he is complaining about his attorney's failure to raise the claims that he has raised in the first two issues addressed and rejected above.  Because the claims are meritless, the

5

district court properly ruled that counsel was not ineffective for failing to investigate and raise them.

No reasonable jurist could debate the district court's resolution of Defendant's claims.

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge

6